City of St. Louis, a Municipal Corporation, Alfred Lewald, Inc., a Corporation, R. C. Micotto Construction Company, a Corporation, Pelligreen Construction & Investment Company, a Corporation, Samuel Kraus, Doing Business as Samuel Kraus Company, Appellants, v. Forrest Smith, State Auditor.—114 S. W. (2d) 1017.

Division One, April 1, 1938.

*Edgar H. Wayman* and *John G. Burkhardt* for appellants.

*Roy McKittrick,* Attorney General, and *Olliver W. Nolen,* Assistant Attorney General, for respondent.

FRANK, P. J.—This suit was instituted in the Cole County Circuit Court by appellants, plaintiffs below, asking that court to declare by its judgment whether or not the city of St. Louis is required to pay a one per cent sales tax, under Laws of Missouri 1935, page 411, on tangible personal property used in the construction of a street paving, a sewer, or a hospital, where the price to be paid by the city for such construction was fixed by contract between the city and the contractor at a definite lump sum for the completed work. The court below held in favor of the State Auditor, and declared the city was liable for the tax. Plaintiffs appealed.

The four appellants named with the city are the contractors who did the work in question for the city. The contracts for such work provided, in substance, that the contractors should furnish all labor and material necessary to complete the work, and deliver to the city the completed work for a fixed sum of money.

The pleadings are not challenged. They present the issues raised on this appeal. The prayer of the pleadings will sufficiently present the contentions of the parties. Plaintiffs' petition prays the court to declare the law as follows:

"Wherefore the plaintiffs pray that the Court enter its decree, defining and declaring the rights of the parties in the premises, and determining (1) whether the plaintiff the City of St. Louis is the consumer of tangible personal property used by a contractor in the construction of a street paving, or a sewer, or a hospital, where the price paid is a fixed sum for the completed work, or a fixed sum for each completed unit thereof, (2) whether the plaintiff the city of St. Louis is acting in its governmental capacity in the construction of street paving, sewers, and hospitals, or any of them, and if so, whether plaintiff is required by said Sales Tax Law to pay the sales tax on the tangible personal property used in the construction thereof, (3) whether plaintiff the City of St. Louis is required by said Sales Tax Law to pay a sales tax on tangible personal property used in the construction of a public work paid for with funds granted by the Government of the United States for that purpose through its governmental agencies."

Defendant's answer asks the court to adjudge, decree and declare:

"First—That the plaintiff City of St. Louis is a municipal corporation, and by the terms of the Emergency Revenue Act is subject to the payment of the tax of 1 per cent on all purchases of tangible personal property so purchased by said City.

"Second—That the plaintiff contractors are sellers of tangible personal property, as contemplated by the Sales Tax Act, and that the City of St. Louis, upon the completion and consummation of the contracts pleaded in plaintiffs' petition, is the user and consumer as contemplated within the act, and that said contractors are sellers within the terms of the act.

"Third—That such sums as are given and granted by the Federal Government to the amount of 30 per cent more or less, as alleged in plaintiffs' petition, when so granted and given to the City of St. Louis, become funds of the City of St. Louis, and that said funds are no longer Federal funds, and that the taxation thereof does not constitute taxation of Federal instrumentalities.

"Fourth—That the rules and regulations made and promulgated by the State Auditor, Forrest Smith, are a reasonable and correct construction of the Sales Tax Act as it applies to plaintiffs, and that it is his duty to enforce and carry out the terms thereof.

"Fifth—That irrespective of whether or not the plaintiff City of St. Louis is acting in a governmental capacity in the construction of street pavements, sewers and hospitals, plaintiff City of St. Louis is subject to the terms of the act and is liable for the tax on such

sewers, hospitals and improvements as it contracts for and constructs.

"Sixth—That the improvements in the nature of hospitals, pavements and sewers, contracted for by plaintiff City of St. Louis, do not become a part of the realty on which the same are constructed, but that same remain tangible personal property within the terms of the contract, and are subject upon final completion and acceptance by plaintiff City of St. Louis to the tax of 1 per cent of the total cost price.

"Seventh—That, as a matter of law, plaintiffs cannot commingle their cause of action praying for a declaration of rights and include therein a prayer and an action for injunctive relief.

"Eighth—That plaintiff contractors are the sellers of tangible personal property within the meaning of the act, and that as such sellers of tangible personal property, which has been used in the construction of sewers, hospitals and other civil improvements in the City of St. Louis, are liable to the State Auditor, defendant herein, in the amount of one per cent (1%), either on the amount of tangible personal property used and consumed in the construction of said improvements or on the total costs, including labor and materials on the completed building, structure or other improvement."

The court found the facts and declared the law as prayed for in defendant's answer.

The work in question was done while the 1935 one per cent Sales Tax Law was in full force and effect. Section 2 of that act provided as follows:

"From and after the effective date of this Act and up to and including December 31, 1937, there shall be and is hereby levied and imposed and there shall be collected and paid:

"(a) Upon every retail sale in this state of tangible personal property a tax equivalent to one (1) per cent of the purchase price paid or charged."

Section 1 of the act defines a retail sale as follows: "(e) 'Sale at retail' means any transfer made by any person engaged in business as defined herein of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration.

█ It is clear from these statutory provisions that where one buys tangible personal property for his own use or consumption he is liable for the tax. On the other hand, it is equally clear that where one buys tangible personal property for the purpose of resale he is not liable for the tax. In this case, the contractors agreed with the city to furnish all labor and material necessary to construct,

and to construct, the improvement in question for a fixed sum of money. It was necessary for the contractor to purchase and use all material necessary to complete said work in order to be in a position to deliver to the city a completed structure as provided in the contract. Our judgment is that it cannot be said by the contractor that he resold the materials to the city for its use, and did not use or consume them in the performance of his contract. We are not without authority on this question. In the case of State v. Christhilf (Md.), 185 Atl. 456, that court said:

"It is the contractor or builder who is the ultimate user or consumer of the materials which in one of these cases are converted and fabricated into a building and in the other into a road."

Another authority, State v. J. Watts Kearney & Sons, 181 La. 554, 559, 160 So. 77, is to the same effect. Speaking of sales of materials to contractors, that court said:

"His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials purchased are no longer to be distinguished, but something different has been wrought from their use and union. The contractor has not resold, but has consumed the materials. Sales to contractors are sales to consumers."

Again in the case of York Heating and Ventilating Company v. Flannery, 87 Pa. Supr. Ct. 19, that court said of the installation of a blower and heating system by contract, "The contract in suit was in no sense a contract of sale. It was a construction contract. . . . It would be just as proper to call a contract for the construction of a building, a sale of the stone, brick, cement, wood, etc., which entered into the erection of the building."

In 23 Ruling Case Law, page 1233, section 49, the law is thus stated:

"A contract to do certain work on a building and to supply the requisite material is not a contract for the sale of such material within the statute of frauds; so a contract to furnish material, and, after performing labor thereon, attach it to the realty, as a part of a building in the course of construction, is not a sale of goods or chattles."

In our judgment the contractors in this case did not buy the materials in question for the purpose of reselling such materials to the city. They were under contract to deliver to the city a finished product. It was the inseparable commingling of labor and material that produced the finished product. Our conclusion is that the contractors used and consumed the material in order to produce the finished product in compliance with their contract. Since the contractors used and consumed the material, they and not the city, are.

primarily liable for the one per cent sales tax. The sale of the materials by the dealer to the contractors was the taxable transaction, and it was the duty of the .dealer to collect the tax from the contractors at the time the sale was made.

Respondent cites Bradley Supply Company v. Ames, 359 Ill. 169; Blome Company v. Ames, 365 Ill. 456, 457, and Wiseman v. Gillioz (Ark.), 96 S. W. (2d) 459, 461, which hold contrary to the conclusion we have reached. We do not agree with the holding in these cases and, therefore, decline to follow them.

Since the city is not liable for the tax, it is not necessary to discuss other questions raised.

For the reasons stated, the judgment below should be reversed. It is so ordered. All concur, except *Douglas, J.,* absent.