387 P.2d 998

**BARRETT INVESTMENT COMPANY,**
Plaintiff,

v.

**The STATE TAX COMMISSION of Utah,**
Defendant.

**No. 9872.**

Supreme Court of Utah.

Jan. 6, 1964.

Henriod, C. J., dissented.

Lee W. Hobbs, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., M. Reed Hunter, Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice.

Barrett Investment Company seeks review of a decision and order of the defendant, State Tax Commission of Utah, imposing a deficiency use tax assessment on out of state purchases of parts of machinery and equipment which became component parts of a ski lift erected near Brighton, Utah, and upon which parts no sales or use tax has been paid.

It is plaintiff's contention that the parts of machinery and equipment purchased out of the state which were used to manufacture or assemble the ski lift are exempt from the use tax under the provisions of Sec. 59-16-4(d) and (h), U.C.A.1953,[1] because plaintiff collects and pays a sales tax on admissions paid for the use of the ski lift. It argues that the only use that can be made of the ski lift is through the charging of admissions. Since these admissions are subject to the sales tax, it follows that the parts which plaintiff used to assemble the ski lift are exempt from the use tax because (1) the ski lift is property, the gross receipts for the use of which is subject to the sales tax under the laws of our state; and (2) it was property which

1. "59-16-4. Exemptions.—The storage, use or other consumption in this state of the following tangible personal property is specifically exempted from the tax imposed by this act: * * * (d) Property, the gross receipts from the sale, distribution or use of which are now subject to a sale or excise tax under the laws of this state or of some other state of the United States. * * * (h) Property which enters into and becomes an ingredient or component part of

became an ingredient or component part of property which plaintiff manufactured for the purpose of using in its business for a profitable use upon which use a sales tax was collected and paid.

Plaintiff's business is the selling of rides on the ski lift for which it charges fees for admissions. The sales tax is collected and paid on these admission charges. The use tax imposed is for parts purchased outside the state by plaintiff and used within the state to manufacture the ski lift. No sales or use tax has been paid for these parts. In determining whether the purchases are exempt it is helpful to keep in mind the legislative purpose in enacting the sales and use tax acts.

█ As pointed out by this court in Union Portland Cement Co. v. State Tax Commission, on rehearing,[2] the sales and use tax acts are correlative and complementary to each other. The use tax act was enacted so as to avoid competition and discrimination against purchase of goods subject to the sales tax and the use of similar goods within the state which would not be subject to the sales tax because the transactions involved interstate commerce or because, as in the instant case, the purchasers went outside the state to buy the goods but used them within the state. The sales and use tax acts being complementary to each

other the exemptions therein should be construed so as to effectuate the same purpose, that is, if a purchase of tangible personal property is exempt under one act it should be exempt under the other and vice versa.

Under the provisions of our sales tax act only retail sales of tangible personal property and sales of certain services and admissions to places of amusement, entertainment or recreation are subject to the tax provided therein.[3] Sales of tangible personal property purchased for resale or services which are purchased for resale, and goods which become a component part of other tangible personal property manufactured by a person engaged in the business of manufacturing such tangible personal property for resale, profit or use [4] are deemed wholesale purchases and exempt from the sales tax.

█ It is apparent from the sales tax that only tangible personal property and services which were resold or tangible personal property which was transmuted into another kind of tangible personal property upon which a sales tax could be collected were to be exempt from the imposition of a sales tax. The apparent purposes for making such purchases exempt is to avoid a kind of double taxation, or in the case of the exemption of goods which become a component part of other tangible goods

the property which a person engaged in the business of manufacturing, compounding for sale, profit or use manufactures or compounds, or the container, label or the shipping case thereof.

2. Union Portland Cement Co. v. State Tax Comm., 110 Utah 152, 176 P.2d 879.
3. Sec. 59–15–4(d) U.C.A.1953.
4. Sec. 59–15–2(d) and (f) U.C.A.1953.

manufactured for sale, profit or use, to encourage the production of more valuable tangible personal property upon which a sales or use tax could be imposed and collected. These objectives were aptly stated by the Ohio Supreme Court in Bailey v. Evatt, Tax Com'r.,[5] in determining whether the purchases of tangible personal property used in the production of gravel by mining was exempt under a statute exempting tangible personal property used directly in the production of tangible personal property for sale by processing or mining. The court there said:

"It is a well-established doctrine that every public statute has or is supposed to have as its objective some purpose or policy whereby the public welfare is served. The primary purpose of the statute here under consideration is to encourage the production of more valuable tangible personal property for sale, itself subject to the sales tax, by exempting from the operation of such tax the purchases of property used and consumed by the producer in the production of such ultimate tangible personal property, and at the same time to avoid a species of double taxation. Hence the statute exempts sales of tangible personal property in which the purpose of the consumer is to incorporate by manufacturing, assembling, processing or refining the things transferred into tangible personal property for sale, or to use or consume the thing transferred directly in the production of tangible personal property for sale, by manufacturing, processing, refining, mining, production of crude oil and natural gas, farming, agriculture, horticulture, or floriculture, or directly in making retail sales or directly in the rendition of a public utility service."

When plaintiff used the parts to assemble or manufacture its ski lift, it did not thereby manufacture or transmute those parts into other tangible personal property which either itself became subject to a sales tax or could be further used in being transmuted into other types of tangible personal property which could become subject to the sales or use tax. Taxes assessed on ·paid admissions for the use of an object cannot reasonably be said to be taxes paid for the sale or use of tangible personal property. The exemptions provided in Sec. 59–16–4(d) and (h), U.C.A. are not applicable, and the Commission did not err in determining that plaintiff was the ultimate consumer of the tangible personal property purchased outside the state by it and used within the state to manufacture or assemble its ski lift, on which tangible personal property no sales or use tax has been paid.

Affirmed. No costs awarded.

McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

HENRIOD, Chief Justice (dissenting):

5. Bailey v. Evatt, Tax Com'r., 142 Ohio St. 616, 53 N.E.2d 812.

I dissent. The last paragraph of the main opinion seems to me to be somewhat inconsistent with the rest of the decision.

To sustain this double tax, which I think need not be justified under the statute, is to discourage anyone who might have a desire to engage in business in Utah.

The quotation from an Ohio case,[1] that "It is a well-established doctrine that every public statute has or is supposed to have as its objective some purpose or policy whereby the public welfare is served" may be a delightful bit of philosophy, but hardly an authority to justify a tax upon a tax.

---

1. 42 Ohio St. 616, 53 N.E.2d 812 (1944).