390 P.2d 130

**Jerry SINE and Dora Sine, Plaintiffs,**

**v.**

**STATE TAX COMMISSION of Utah, Defendant.**

**No. 10012.**

Supreme Court of Utah.

March 13, 1964.

Wesley Sine, Ronald C. Barker, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., George J. Romney, Asst. Atty. Gen., Salt Lake City, for defendant.

HENRIOD, Chief Justice:

Review of a Tax Commission assessment under an act commonly known as the Use Tax Act of 1937,[1] incident to the furnishing by Sines, motel owners, to their paying guests, of linen, towels, mattress covers, blankets, wash rags, soap, post cards,

---

1. Title 59–16, Utah Code Annotated 1953.

drinking glass covers, toilet bands, stationery and magazines purchased from out-of-state sources, the Sines claiming the items mentioned were exempt from the use tax under 59–16–4(h) [2], as to all items mentioned, except magazines, which latter, they urge, are exempted under the definition of "newspapers" under 59–15–4(b) (1) [3]. Affirmed.

Under the wording of 59–16–4(h) it appears reasonable to conclude,—which we do, that the legislature did not contemplate an exemption of soap, linen, wash rags and the like procured from out-of-state sources, incident to normal motel service, as being in the aggregate "manufactures or compounds" for resale. Sines urge otherwise, of course. Nonetheless, we venture a guess that motel owners include any cost they are put to by paying a use tax on such claimed exempt property, by including in the daily room rental charge an amount sufficient to absorb it. In the last analysis, they are collectors of the tax for the State, and the cost of such items is chargeable off as a business expense anyway. Any complaint about double taxation is not theirs, but is legitimate and assertable, if at all, by the consumer,—their guest,—who, generally speaking, pays all of the ancillary taxes involved in the privilege of obtaining a little sleep.

The Sines say the elemental question is "who consumes the property, the manufacturer or the ultimate users?" We agree that this is the question. We have difficulty, nonetheless, in visualizing a motel owner as a manufacturer, or of concluding that the legislature contemplated his status as being a "manufacturer" in the ordinary connotation of that term. It is unrealistic to believe that such an owner, dealing in housing accommodations, is a fabricator of a canned product consisting of soap, towels, wash rags, radio service, ice, bell-hops, maids, unworn carpets, pictures and drapes, in the sense that it is all a sort of Lydia E. Pinkham's Vegetable Compound placed on the market in a bottle. In so concluding we are constrained to hold that the motel owner is the ultimate consumer under the letter and spirit of the use tax act. We seem to be substantiated by our own and other authority, in the light of similar facts and legislation.[4]

2. "Property which enters into and becomes an *ingredient* or *component* part of the property which a person engaged in the business of *manufacturing, compounding for sale,* profit or use manufactures or compounds, or the container, label or the shipping case thereof." (Emphasis ours)

3. Where services of common carriers, phone and telegraph companies are taxed, except that the tax was not applicable "to the sale of newspapers, and * * * subscriptions."

4. Theo B. Robertson Product Co. v. Nudelman, 389 Ill. 281, 59 N.E.2d 655, 157 A.L.R. 553 (1945); Hotels Statler v. Dist. of Col., 91 U.S.App.D.C. 122, 199 F.2d 172 (1952); and see also our own pronouncements in Union Portland Cement v. Tax Comm., 110 Utah 135, 170. P. 2d 164 (1946).

As to the exemption claimed for periodicals under the "newspapers" exemption, the Wall Street Journal was exempted by the Commission but not the Tourist Court Journal, World Review of Hotels, and the like, obviously trade journals. We think that under the accepted understanding of the term "newspaper," the Commission did not err in its inclusion of the various publications as taxable, most of which were weeklies, monthlies, or without definite publication dates, and all of which, with the mentioned exception, were held subject to the use tax.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.