23482. ATLANTA AMERICANA MOTOR HOTEL CORPORATION v. UNDERCOFLER, State Revenue Commissioner.

ARGUED MAY 11, 1966—DECIDED JUNE 23, 1966.

*Arnall, Golden & Gregory, Peyton S. Hawes, Cleburne E. Gregory, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Louis F. McDonald, Assistant Attorney General, H. Perry Michael, Deputy Assistant Attorney General,* for appellee.

GRICE, Justice. The sustaining of general demurrers to a petition seeking refunds of sales tax payments is for review here. The petition, in two counts, was filed in the Superior Court of Fulton County by Atlanta Americana Motor Hotel Corporation against Hiram K. Undercofler, as State Revenue Commissioner. Count 1 seeks recovery of a specified amount collected by it as sales tax from rooms, lodgings and accommodations furnished by it. Count 2 claims rebate of a stated sum paid by the plaintiff as sales tax when it purchased certain tangible personal property for use in the rooms which it rented.

Count 1, insofar as essential here, alleged that which follows.

The defendant is indebted to the plaintiff in a specified amount as sales tax erroneously or illegally collected by the defendant from it for the taxable periods from April 1962 through June 1964. During such periods the plaintiff owned and operated a hotel in Fulton County, which business included lease, rental or charges for the use of rooms in said hotel furnished to transients.

The plaintiff, a dealer registered under the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, p. 360, as amended), with a given registration number, was and is the "taxpayer" under said statute.

For such periods the plaintiff duly filed with the Sales and Use Tax Unit of the Department of Revenue tax returns as required by said Act, and paid to it the tax liability shown to be due thereon. Included in such payments was the amount now sought to be recovered, representing the three percent tax less dealers' statutory compensation, computed on the sum received by the plaintiff from lease, rental or charges for the use of rooms in said hotel during the taxable periods. The plaintiff filed with the defendant a claim for refund of such tax, but the claim was denied.

This tax was erroneously and illegally collected because of the following. Section 2 of the Act levies and imposes a tax of three percent of the sales price, gross lease or rental charge on the retail sale or rental of tangible personal property. Section 3(c) 1(b) of the Act provides that for the purpose of such tax the terms "retail sale" or "sale at retail" shall include "The sale or charges for any room or rooms, lodgings, or accommodations furnished to transients by any hotel. . . . or any other place in which rooms, lodgings or accommodations are regularly furnished to transients for a consideration. . ." The rooms in plaintiff's hotel which are occupied by transients constitute real property, and the lease, rental or charge to transients for the use of such rooms constitutes the lease, rental or charge for real property or its use. Section 3(c) 1 (b) of the Act violates Art. III, Sec. VII, Par. VIII of the Georgia Constitution (*Code Ann.* § 2-1908), which provides that "No law shall pass which . . . contains matter different from what is expressed in the title thereof" for the reason that the title gives notice of its intention to tax leases and rentals of "tangible personal property," but gives no notice of an intention to tax the lease, rental or other charge for the use of real property.

Count 2 is in the alternative and the plaintiff acknowledges that it will not lie if count 1 is sustained. Count 2 in material part, alleged as follows.

It incorporated by reference the recitals in count 1 as to jurisdiction, the plaintiff's registration as a dealer under the Act and its hotel ownership and operation.

It alleged that the defendant is indebted to the plaintiff in a specified sum as sales tax erroneously or illegally collected from the plaintiff during the taxable periods from April 1962 through June 1964.

Included in the plaintiff's hotel rooms furnished to transients were carpeting, furniture, linens, blankets, towels, soap, paper, television sets, and other articles of tangible personal property which it rented, leased or sold to such transients as a part of the charge for use of said hotel rooms.

During such periods the plaintiff purchased those items of personal property at a named cost, which included Georgia sales

tax in the stated amount, collected from the plaintiff by its suppliers and paid to the Sales and Use Tax Unit of the Department of Revenue. The plaintiff filed with the defendant a claim for refund of such tax, but this claim was denied by the defendant.

This tax was erroneously and illegally collected from the plaintiff because the sale to the plaintiff was not a "retail sale" or a "sale at retail" since the plaintiff purchased the personal property for the purpose of resale in the form of tangible personal property and it was resold and is being resold to transients in the manner hereinabove alleged.

Upon the sustaining of general demurrers to the petition as a whole and to each of these two counts the plaintiff appealed and enumerated the same as errors.

■ Considering first count 1, we conclude that it is subject to general demurrer.

Obviously, this count states no cause of action unless the constitutional attack is sustained, and as we view the allegations, the plaintiff has no standing to make a constitutional attack because it alleges no injury to itself from the application of the statute it seeks to challenge.

The money which the plaintiff seeks to recover was not actually paid by it. Instead it was paid by its guests. The plaintiff merely collected the tax from them and remitted it to the defendant. In fact, it received the dealers' statutory compensation for collecting and remitting the tax. It sustained no monetary loss, nor any other injury so far as is alleged. Applicable here is the rule that "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property . . . He must show that the alleged unconstitutional feature of the statute injures him . . ." *South Ga. Nat. Gas Co. v. Georgia Public Service Comm.*, 214 Ga. 174 (104 SE2d 97).

The plaintiff contends, however, that it is entitled to maintain the suit as a "taxpayer" by virtue of the two statutory refund provisions which it pleads as the jurisdictional bases for the action (Ga. L. 1951, pp. 360, 382, as amended; *Code Ann.*

§ 92-3434a; and Ga. L. 1938, Ex. Sess., pp. 77, 94, as amended; *Code Ann.* § 92-8436 (b)), and also asserts that the 1960 amendment to Section 2 of the Sales and Use Tax Act (Ga. L. 1960, pp. 153, 154; *Code Ann.* § 92-3402a) did not relieve the seller or lessor from being a taxpayer under the Act, but added the purchaser or rentee as a taxpayer also.

We cannot sustain this contention. The statutory authority to sue for refund, even if it should include the plaintiff under the circumstances here—which we do not decide, does not provide the standing to attack the constitutionality of a statute where the facts alleged show no injury from enforcement of such statute.

While the precise question here has not heretofore been passed upon by this court, our conclusion is in accord with that prevailing in other jurisdictions. See 51 Am. Jur. 1010-1011, Taxation, §§ 1174-1176; 84 CJS 1263, Taxation, § 631; Annot., 119 ALR 542; Re Kesbec, Inc. v. McGoldrick, 278 N.Y. 293 (16 NE2d 288, 119 ALR 536); Krauss Co. v. Develle, 236 La. 1072 (110 S2d 104).

Therefore, count 1 does not state a cause of action.

■ In count 2 the plaintiff's contention is that its purchase of the named items of tangible personal property for use in rooms furnished to its paying guests was a purchase for resale, which is not taxable under the Act, and therefore the collection of sales tax on such purchase was erroneous and it is entitled to a refund of the amount so paid.

The defendant, on the other hand, contends that the personal property was not resold, but that the entire amount charged the guests was for the use of the room, the personal property being merely incidental to and an expense incurred by the plaintiff in connection with its hotel operation.

In evaluating these contentions we must first examine the pertinent parts of the Act.

Section 2 levies and imposes "a tax on the retail purchase, retail sale, rental . . . use or consumption of tangible personal property . . . ." Ga. L. 1951, pp. 360, 362, as amended (*Code Ann.* § 92-3402a). Section 3 (Ga. L. 1951, pp. 360, 363, as amended; *Code Ann.* § 92-3403a) defines "sale" as "any trans-

fer of title or possession . . . lease or rental . . . of tangible personal property for a consideration. . ." The latter section defines "retail sale" and "sale at retail" as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property . . ." and also includes in such definition "The sale or charges for any room or rooms, lodgings or accommodations furnished to transients by any hotel . . . in which rooms, lodgings, or accommodations are regularly furnished to transients for a consideration. . ."

Thus, the decisive question in this count is whether the use of such personal property in the rooms rented to its guests is a resale of such property.

We find no decision in point by this court. In *Undercofler v. Eastern Air Lines, Inc.*, 221 Ga. 824 (2b) (147 SE2d 436), this court held the air line's service of meals to its passengers to be a resale of such meals although no separate charge was made for them. However, there it was alleged that the air line bought the meals already prepared and that the price of the meals was included in the cost of the tickets. The court concluded from such allegations that the price of the prepared meals was a known amount and hence separable from the charge made for transportation. That situation is quite different from the one here.

As we view it, Section 3 of the Act, in imposing the tax on charges for rooms, contemplates the room as a total, the complete room. The levy is on "The sale or charges for any room or rooms, lodgings or accommodations furnished to transients . . ." *Code Ann.* § 92-3403a, supra. This encompasses whatever is rented—whether one room or several, whether bare or elaborately appointed.

Furthermore, the plaintiff's allegations here as to the personal property show that such property merged with and became part of its hotel rooms and that the charge made to its guests was for the use of the complete rooms. The property was, as alleged, "Included in said hotel rooms . . ."

Actually, the plaintiff itself used the property to make its rooms livable, and thus rentable to guests, and the fact that

a part of the charge for the rooms was allegedly attributable to such property does not cause such use of it to be a resale. Although the plaintiff's guests also used this property while occupying the rooms, they used it as a part of the rooms which they rented, not independently. Not many of them would have cared to use the rooms without any of the items mentioned.

This situation is comparable to those in *Craig-Tourial Leather Co., Inc. v. Reynolds,* 87 Ga. App. 360 (2) (73 SE2d 749) and *Troup Roofing Co. v. Dealers Supply Co.,* 91 Ga. App. 880 (5) (87 SE2d 358). In the former case it was held that the sale or use of leather products and shoe findings by a shoe repairman was not a resale where a single charge was made, but was incidental to and a part of the services rendered to his customers in making repairs. In the latter case it was held that "Where building materials are purchased by a contractor to be used in the construction, improvement, or repair of the house of the party who engages the contractor, such materials are not bought for the purpose of re-sale within the meaning of the Sales and Use Tax Act. . ."

The great majority of other jurisdictions with sales and use tax statutes comparable to Georgia's, which have considered this question under facts similar to those here, have held such use of the personal property not to be a resale. See Hotels Statler Co., Inc. v. District of Columbia, 199 F2d 172 (C.A.D.C.); Theo B. Robertson Products Co., Inc. v. Nudelman, 389 Ill. 281 (59 NE2d 655, 157 ALR 553); Sine v. State Tax Commission, 15 Utah 2d 214 (390 P2d 130); Commonwealth v. Benjamin Franklin Hotel Co., 77 Dauph. 4, 28 D & C2d 329 (Pa., Dauphin Co.). But, contra: The Hilton Hotels Corp. v. Bowers, Ohio Board of Tax Appeals, No. 48023.

It is our view that the allegations do not show that the plaintiff's purchase of the personal property was for the purpose of resale. Therefore, count 2 does not state a cause of action for refund of the tax paid by it on its purchase.

*Judgment affirmed. All the Justices concur, except Cook, J., disqualified. Duckworth, C. J., and Candler, P. J., concur specially in the judgment.*

DUCKWORTH, Chief Justice, concurring specially. The peti-

tioner has standing to make the constitutional attack in count 1. The statute places upon it a duty to collect and remit the tax, and makes it liable for the tax if it fails to collect. All of this burden and liability is imposed by the law which is assailed as being unconstitutional. We therefore should rule on the constitutional question. But when it is observed that the caption of the Act provides for making definitions of terms in the body of the Act, it thereby authorizes the portion of the Act under attack which is simply defining the meaning of the transaction therein referred to. I would hold that the Act is constitutional as against the attack made, and for this reason, rather than that given in the majority opinion, count 1 was subject to the general demurrer.

I concur in the judgment of affirmance. I am authorized to state that Mr. Presiding Justice Candler concurs in this special concurrence.