## 49080. CARLING BREWING COMPANY, INC. v. BLACKMON.

EVANS, Judge.

John A. Blackmon, as State Revenue Commissioner, issued an assessment against Carling Brewing Company, Inc., for an alleged use tax on advertising materials purchased and used by it over a three year period. The taxpayer appealed to the Superior Court of Fulton County. The appeal concerns itself with the tax on materials delivered to the Atlanta plant for subsequent use by distributors doing business in states other than Georgia. Tax was paid on such advertising materials used in the state.

The taxpayer contends it is a manufacturer and seller of malt beverages to retail sellers, which sales are made by distributors to the retail sellers. As a part of the manufactured product, it supplies advertising materials to the distributor, for ultimate distribution to the retailers, along with the beverages. No tax is due on the advertising materials. Such materials were sold to the distributors along with the beverages, and the price was contained in the beverage product. The advertising materials were wholesale items, manufactured outside of Georgia, shipped into Georgia, and picked up at taxpayer's plant or shipped to its distributors outside the state.

After hearing evidence and upon an agreed stipulation of facts, the court, without the intervention of a jury, upheld the assessment and awarded judgment in favor of the commissioner. Taxpayer appeals. *Held:*

1. In some cases our courts have held that where a principal item is sold or leased, and the taxpayer claims to be transferring another item ancillary to the principal item, such ancillary item is a purchase for re-sale and not taxable.

In *Colonial Stores, Inc. v. Undercofler*, 223 Ga. 105 (153 SE2d 549), premium merchandise (ancillary item) was redeemed with trading stamps purchased with other items at retail (at which time consumer paid tax). The purchase by Colonial of the premium items were for purpose of re-sale and held to be not taxable.

In *Undercofler v. Eastern Air Lines, Inc.,* 221 Ga. 824, 833 (147 SE2d 436), transportation airline tickets (principal item) were purchased and thereafter meals (ancillary item) were served to the travelers. Taxes were held to be due on the ancillary items (meals). The price of the meal being known, it was separable from transportation and taxable as a retail sale even if consumed outside of the state by the passenger. It was not taxable at the time of purchase by Eastern but was taxable when the ticket was sold.

In *Atlanta Americana v. Undercofler,* 222 Ga. 295 (2), 300 (149 SE2d 691), hotel rooms were furnished and use tax collected from the guest; but ancillary items (tangible personal property such as soap, towels, etc.) used in the rooms for the comfort of the guest and purchased from manufacturer, were held taxable at purchase by the hotel because it was not purchased for re-sale to the guest, as its known value could not be separated from the rental of the room, with or without these items.

In *Undercofler v. Macon Linen Service, Inc.,* 114 Ga. App. 231 (1) (150 SE2d 703), cabinets and dispensers placed on premises in connection with rental of linens, towels, etc., were subject to use tax as they were not purchased for re-sale. No separate charge was made for the container although the rental of the towel or products was held to be equivalent to re-sale within the meaning of the Sales and Use Tax Act.

2. In the case sub judice the evidence discloses that no separate charge is made for the advertising materials other than for the malt beverages. In *Colonial Stores,* supra, and in *Eastern Air Lines,* supra, the ancillary item, although contained in the principal item, clearly shows the consideration for the ancillary item. Here it does not. Further, the furnishing of the advertising material to the distributors lies solely within Carling's discretion as to when, how, or how much, if any, advertising materials it furnishes. We, therefore, hold that under Code Ann. § 92-3403a (C1 & B), the transfer of the materials here was taxable.

3. Even if the transaction be treated as a "sale" (as the manufacturer contends it should be), it is not for re-sale, for the distributor does not sell it, but passes it

on to the retailer, who again does not sell it, but all of them use it for the purpose of selling manufacturer's product, the malt beverages. Neither distributor, retailer or consumer of ultimate product pay any tax on this material. It does not become a part of the product on which consumer pays sales tax. Therefore, sales tax would be due, if indeed it were sold to the distributor in Georgia. The stipulation of facts states that all sales were made and consummated in Fulton County, Georgia. See *Mead Corp. v. Blackmon,* 129 Ga. App. 526 (1, 2) (199 SE2d 839).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

Submitted February 7, 1974 — Decided March 7, 1974.

*Haas, Holland, Levison & Gibert, Hugh W. Gibert,* for appellant.

*Arthur K. Bolton, Attorney General, H. Perry Michael, Gary B. Andrews, Assistant Attorneys General,* for appellee.