Frederick R. HARDY and Erik H. Madsen, Plaintiffs,

v.

STATE TAX COMMISSION of Utah, Defendant.

No. 14418.

Supreme Court of Utah.

March 15, 1977.

F. Burton Howard, of Boyden, Kennedy, Romney & Howard, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Michael L. Deamer, Asst. Attys. Gen., Salt Lake City, for defendant.

CROCKETT, Justice:

The petitioners are dentists who attack the decision of the Tax Commission that they should pay sales tax on the materials which they purchase and use in rendering dental services to their patients.

The position of the Tax Commission is that the legislature has declared that there should be a sales tax paid on all personal property sold within this state.

Sec. 59–15–4(a), U.C.A.1953, provides for the levy of a sales tax

. . . upon *every retail sale* of tangible personal property made within the state of Utah . . . .

59–15–2(e) provides:

. . . the term "retail sale" means *every sale* within the state of Utah by retailer or wholesaler *to a user* or consumer, except sales defined as wholesale sales or otherwise exempted by the terms of this act; . . . . [Emphasis added]

The Commission further argues that in order to carry out the intent and purpose of those statutes in a way which is fair and equitable to all taxpayers, sales tax should be paid on the sale of any personal property in the state somewhere along the line between its production and consumption.

The materials in question consist of quite a variety of items which these petitioners (and other dentists) use in their practice of dentistry in connection with the treatment, repair, restoration and replacement of teeth, including various plastics, cements, metals, braces and retainers. No one has any doubt but that the materials are purchased, sold and used within the state of Utah. It is essential that this question be confronted and answered: where in the process from producer to consumer should the tax properly and fairly be imposed.

These facts are not in dispute: that the petitioners are rendering a professional service in which the training, skill and artistry so predominate that the cost of the materials used has very little to do with the charge made to their patients. Wherefore, it would be wholly impractical to bill separately, or to tax separately to their patients. The facts of critical and controlling importance are that petitioners themselves so state and assert that they are not engaged in selling any of such materials; that they are not itemized or sold separately, but the patient is billed a total sum for the services rendered; and that no sales tax is charged or collected by them.

If the above quoted statutes are to be given effect there seems to be only two alternatives: the petitioners either (1) itemize the materials and charge the sales tax thereon to their patients, or (2) pay the sales tax on the materials they purchase and use in rendering their professional services. It is apparent that unless the petitioners pay the sales tax on these materials they escape being taxed altogether and their share of the tax load is unfairly imposed on others.

■ Whatever else may be said about whether the petitioners are "selling" those materials, there can be no question but that in practicing their art of taking care of people's dental problems, they are "users" of those materials and therefore their purchases come squarely within the language of 59–15–2(e) quoted above. Inasmuch as it is impractical for petitioners to charge sales tax on these materials to their patients, it is in conformity with the requirements of these statutes that they pay the tax themselves as the Tax Commission has ordered.

Numerous examples could be cited to illustrate the soundness of the Tax Commission's position, but one should suffice: a grocer buys canned goods at wholesale, he does not pay sales tax because he is neither a user nor a consumer. He sells them at retail to his customer, who is a "user or consumer" and therefore does pay a sales tax; and the transaction so taxed fulfills the requirements of the statutes and bears its fair share of the tax burden.

A sound and well reasoned decision which cannot be distinguished in principle from this case is *Utah Concrete Products Corporation v. State Tax Commission.*[1] It is explained therein that contractors who buy pipes, cinder blocks, culverts and similar materials to use in constructing roads or other structures are "users" of those materials within the meaning of the act because they are the last persons in the chain upon which the tax could be imposed; and that in order that such materials bear their fair share of the tax burden, the contractors should pay the tax thereon.

**1.** 101 Utah 513, 517, 125 P.2d 408.

A similar adjudication by this court is *E. C. Olsen Co. v. State Tax Commission*[2] which holds that the tax is to be paid by the last user upon which the tax could be imposed. This same holding, squarely applicable in principle to the fact situation involved in this case, has been reiterated by this court in numerous cases, including *Barrett Investment Co. v. State Tax Commission*[3] and *Sine v. State Tax Commission*[4] and *Union Portland Cement Co. v. State Tax Commission.*[5] It will be seen that all of those cases are entirely consistent with the Tax Commission's action in this case.[6]

██ The universally accepted rules of review of actions of administrative agencies require us to take into account the expertise of the agency in its particular field and therefore to give some deference to their determinations;[7] to survey the evidence in the light most favorable thereto,[8] and to refrain from upsetting such a determination unless it appears that the agency has acted capriciously, arbitrarily, or has acted in excess of its authority.[9]

In accordance with what has been said herein, it is our conclusion that, acting pursuant to the hereinabove quoted statutes, and the adjudications of this court thereon, the Tax Commission was justified in imposing sales tax on the materials purchased and used by the petitioners in rendering their dental services, which is in conformity with its responsibility to see that the laws are applied equally and without exemption or discrimination.

Affirmed. No costs awarded.

ELLETT, C. J., and HALL, J., concur.

**2.** 109 Utah 563, 168 P.2d 324.

**3.** 15 Utah 2d 97, 387 P.2d 998.

**4.** 15 Utah 2d 214, 390 P.2d 130.

**5.** 110 Utah 135, 149, 170 P.2d 164.

**6.** We so state and have decided in accordance with the above cited authorities in awareness of and notwithstanding what is said in the case of *Western Leather & Finding Co., Inc. v. State Tax Comm.*, 87 Utah 227, 48 P.2d 526.

MAUGHAN, Justice (dissenting):

In my view, the majority, today, justifies the hornbook maxim, "Tax cases make bad law."

Plaintiffs, two licensed dentists, seek review of a decision of the Tax Commission, decreeing the doctors liable for certain sales and use tax deficiencies. We should reverse and remand, for disposition consonant with this opinion. All statutory references are to U.C.A.1953, as amended.

Dr. Hardy practices general dentistry. He purchases gold and other dental supplies from dental supply houses within Utah and has paid a sales tax, for which he seeks reimbursement. Sometimes, Dr. Hardy, as part of his professional practice, does his own laboratory work and using materials purchased from dental supply houses, prepares certain types of prosthetic restorations, the title and possession of these items are transferred to his patients. At other times, the doctor orders, by prescription, prosthetic devices from a dental laboratory, which designs the material to meet the needs of a specific patient.

Dr. Madsen's dental practice is confined to a specialty known as orthodontics, viz., he straightens, corrects and prevents irregular teeth and bone related to teeth, mouth and jaw. In connection with the rendition of his services, he purchases educational pamphlets and tooth brushes, which he provides his patients. Dr. Madsen purchases dental materials from supply houses, which he provides to his patients incident to the performance of his professional services. These materials include elastics, plastics, cements for attaching braces to the teeth, small metal rings, metal connectors, rubber

**7.** *Gilbertville Trucking Co. v. United States,* 371 U.S. 115, 83 S.Ct. 217, 9 L.Ed.2d 177; *Atlantic Refining Co. v. FTC,* 381 U.S. 357, 85 S.Ct. 1498, 14 L.Ed.2d 443.

**8.** See *Vause v. Ind. Comm.*, 17 Utah 2d 217, 407 P.2d 1006; and authorities therein cited.

**9.** See *Skelton v. Lees,* 8 Utah 2d 88, 329 P.2d 389; and authorities therein cited.

positioners, head gear, brace bands and pads, splitters to widen the bone, retainers, wire and cases, and elastic thread. Title and possession of all these items are transferred to Dr. Madsen's patients.

The materials transferred to the patient are not itemized or sold separately. The patient is billed one lump sum for professional services rendered. The materials do not change form or lose their identity on insertion into the patient's mouth; but when they are combined together by a dentist, they correct a dental deficiency. The materials are of little or no value to the patient, without the rendition of professional services by the dentists.

In the case of Dr. Madsen's patients, when the materials are removed from the patient's mouth after the requisite corrective periods, no further use of the material may be made, for it has gradually worn away or deteriorated while in the patient's mouth.

The Tax Commission concluded as a matter of law:

> Taxpayers, Drs. Hardy and Madsen, are the ultimate consumers with regard to purchases of tangible personal property used in the taxpayers' offices, including magazines, office furniture, dental furniture and equipment and other items of personal property for the convenience and the operation of a dental office and with regard to dental supplies of gold, etc., and teeth-correcting devices, etc.

The decision of the Tax Commission was predicated primarily on Sales Tax Regulation Section 70, which provides:

> Certain persons engage in occupations and professions which primarily involve the rendition of services upon the client's person and incidentally thereto dispense items of tangible personal property. The following are in this classification and are regarded as the consumers of the tangible personal property dispensed with the services and should pay sales tax to the vendor on their Utah purchases, and use tax direct to the state tax commission on their out-of-state purchases: physicians, dentists, beauty operators, barbers, etc.

Plaintiffs concede they are liable for any sales or use tax on dental or office equipment used in the practice of dentistry. The issue is whether plaintiffs are users or consumers under the Sales (59–15–1, et seq.) and Use Tax Acts (59–16–1, et seq.) of (a) personal services purchased from dental laboratories, involving an individualized filling of a prescription for dentures or other prosthetic devices, the title and possession of which is transferred directly by the dentist to the patient; and (b) the purchase of silver, gold, fillings, drugs and other tangible personal property, used in the diagnosis and treatment of their patients, and the title and possession of which is transferred to the patient as an incident to the rendition of professional services.

The position of defendant is that in this state all tangible property must be taxed at some point in the transactional chain. The legislature has established the taxable transaction as the "retail sale." In effect, defendant asserts anytime there is a closed transaction involving tangible personal property, the vendee is the user and consumer, unless the property is either resold in a taxable transaction or the property is transmuted into another kind of tangible personal property, which will be sold in a taxable transaction. Conversely, plaintiffs urge there is a hiatus in the transactional chain, under the relevant statutes, where tangible personal property is dispensed incidentally in the performance of professional services, the transfer to the patient is not taxable; yet the purchase by the dentist is also not taxable, because he is not the user or consumer of the tangible personal property.

59–15–4(a) provides for the levy of a sales tax:

> . . . upon every retail sale of tangible personal property made within the state of Utah . . . .

59–15–2(e) provides:

> . . . The term "retail sale" means every sale within the state of Utah by a retailer or wholesaler to a user or consumer, except sales defined as wholesale

sales or otherwise exempted by the terms of this act; . . . .

This court has consistently ruled under the sales and use tax statutes, if there be a sale to the *user* or *consumer*, the transaction is taxed. The sales tax applies to all sales of tangible personal property made to the *ultimate consumer,* thus if the property be consumed by one as the *last user,* the transaction is not exempt from the sales tax.[1] We have further ruled where the value of the tangible personal property dispensed, in connection with a service, is so incidental and proportionately small, as compared to the value of the service for which the charge to the customer was actually made, the transaction is not a "retail sale" under the act.[2]

In response to our interpretation, of the statutory scheme, the Tax Commission promulgated Sales Tax Regulation Section 70. Under which a person, who is primarily involved in the rendition of services, and incidentally thereto dispenses tangible personal property, is deemed the user and consumer of such property for sales and use tax purposes. Significantly, the language of the Regulation acknowledges the fact the property is transferred to another by the one rendering the service, thus creating a patent inconsistency by designating the transferor the consumer or user. This regulation constitutes an attempt to fashion, in an arbitrary manner, a fact situation into the statutory requirements for a taxable transaction. The regulation, in effect concedes the tangible personal property is transferred to, then used and consumed by the patient. But, since the rendition of this service is not a taxable transaction; this ipse dixit ruling decrees the person rendering the service to be the user or consumer.

The terms "user" or "consumer" are not defined in the statutes:

Problems of semantics are always difficult, especially where no specific meaning is assigned to them in the statutes, and we are to resolve doubts in favor of the taxpayer.[3]

However, this court has had occasion to determine if a vendee were the "user or consumer," within the Sales and Use Tax Statutes.

In *Western Leather & Finding Co. v. State Tax Commission,*[4] we held a person who places soles, heels, and patches on old worn shoes does not consume the material, within the meaning of the Sales Tax statutes. The consumer is the person who wears the shoes after they are repaired. The dictionary definition of the term "consume" was cited and applied to the factual situation, to determine whether the repairmen were consumers or users of the material in making the repairs.

Defendant relies on the statement in *Utah Concrete Products Corporation v. State Tax Commission.*[5]

From the context of our statute "used" and "consumed" may be said to express the same meaning—to make use of, to employ, and does not necessarily mean the immediate destruction or extermination or change in form of the article or commodity.

The issue in the Utah Concrete Products case was whether contractors, who purchased pipes, culverts, and cinder blocks to incorporate into buildings, structures, or roads, were users or consumers within the meaning of the act. This court stated the labor and materials were incorporated into the structure, and the materials were used or consumed in the process of *producing a new entity.* It was explained the contractors were consumers within the meaning of the act, because they were the last persons in the chain to deal with the products;

1. *Merrill Bean Chevrolet, Inc. v. State Tax Commission,* Utah, *549 P.2d 443, 445 (1976).*

2. *Young Electric Sign Co. v. Utah State Tax Commission,* 4 Utah 2d 242, 291 P.2d 900 (1955).

3. *Ogden Union Railway and Depot Co. v. State Tax Commission,* 16 Utah 2d 23, 29, 395 P.2d 57 (1964).

4. 87 Utah 227, 48 P.2d 526 (1935).

5. 101 Utah 513, 517, 125 P.2d 408, 410 (1942).

before incorporation into a separate entity and before the products *lost their identity as such.*

The use of materials, by a contractor, to construct a building is not analogous to the transfer by a dentist of tangible personal property incidental to the performance of professional services. The Tax Commission found that on insertion of the materials into the patient's mouth, the materials did not change form or *lose their identity.* The materials dispensed by a dentist are not incorporated into a separate entity to a point where they have lost their identity; thus the dentist may not be deemed to have consumed the materials.

In the *Utah Concrete Products* case it was observed the retail sales statute of Missouri was similar in intent and wording to Utah's and we relied on *City of St. Louis v. Smith,* 342 Mo. 317, 114 S.W.2d 1017, 1019, to sustain its determination that contractors were liable as consumers for sales taxes.[6] In *Berry-Kofron Dental Laboratory Co. v. Smith,*[7] the case of *City of St. Louis v. Smith* was cited as precedent to prove a dentist consumed or used dentures purchased from a dental laboratory in rendering services to his patients. The court responded:

> If the transaction between plaintiff and the dentist be regarded as a sale of the manufactured denture by the former to the latter, rather than the rendition of skilled service with the value of the materials used only incidental, we think nevertheless it is not subject to the sales tax. The tax is imposed upon sales for use or consumption. That means use or consumption by the purchaser. Respondents argue that the dentist uses or "consumes" the denture by placing it in his patient's mouth in the rendition of professional service to the patient. We think this contention untenable. The dentist orders the denture for his patient. The patient

for whom it is procured and to whom the dentist transfers it is the person who uses it, by applying it to the purposes for which it is intended and who, we think, must be regarded as the consumer. . . [8]

In *E. C. Olsen Co. v. State Tax Commission*[9] it was reiterated that the sales tax in this state is a tax on the "consumer." We held the test was whether the article involved was consumed by one as "the last user." If so consumed the tax thereon must be paid by the last user. Otherwise, if the article be transferred to a final user, the tax is not paid.

In *Union Portland Cement Co. v. State Tax Commission*[10] our holding was that under the sales tax statutes, tangible personal property is not exempt from taxation, if it be consumed by a manufacturer as "the last user." The dictionary definition of the term "consume" was cited, and it was further stated:

> "Consumer" is defined as "one who uses economic goods and so diminishes or destroys their utilities; opposed to producer; and 'consume' means to use up, expend, waste, devour, with synonyms destroy, swallow up, engulf, absorb, waste, exhaust, spend, expend, squander, lavish, dissipate, burn up." 9 Word and Phrases, Permanent Edition 10.

It was held the items were taxable, since the plaintiff used and consumed them until they ceased to have any potential use as coal, iron grinding balls, and firebrick. We stated the items were comparable to machinery used in manufacturing, which is not exempt from sales or use taxes.

*McKendrick v. State Tax Commission*[11] does not sustain defendant's position, as it contends. In *McKendrick* this court found the sale of an artificial limb to the user was a taxable transaction under the act on the ground the transaction constituted a sale of

6.  at p. 518 of 101 Utah, at p. 410 of 125 P.2d.

7.  345 Mo. 922, 137 S.W.2d 452 (1940).

8.  at p. 456 of 137 S.W.2d.

9.  109 Utah 563, 168 P.2d 324 (1946).

10.  110 Utah 135, 149, 170 P.2d 164 (1946).

11.  9 Utah 2d 418, 347 P.2d 177 (1959).

tangible personal property, and the personal services rendered in connection therewith were merely incidental to the sale. In *McKendrick* the one who was to wear the prosthesis was deemed the user and consumer, and the sale was taxed. In contrast, in the instant case, the one dispensing the prosthesis is claimed to be the user and consumer by defendant. In *McKendrick*, the issue was whether the one transferring the limb to the ultimate user was primarily rendering a service or selling tangible personal property; in the instant case, it is conceded a dentist is rendering a professional service and is not engaged in merchandising.

In *Nickerson Pump & Machinery v. State Tax Commission*,[12] we again reiterated the concept, under the act, the "last user" in the transactional chain is the one responsible for the tax. Plaintiff there assembled water pumps. We said neither the *identity* of the components was *changed* nor had plaintiff *used up, destroyed, or changed* the components in the assembly process; therefore, plaintiff could only be found to be the *ultimate consumer,* if its assembly were incidental to agreements to alter or improve real property thus changing the nature of the pump from personalty to real property.

The cases of *Barrett Investment Company v. State Tax Commission*[13] and *Sine v. State Tax Commission*[14] are distinguishable from the instant case. In *Barrett,* plaintiff was found to be the consumer or user of the components purchased to construct a ski lift for the purpose of conducting the business of selling rides. In *Sine,* plaintiff was found to be the ultimate consumer of linens, towels, mattress covers, and blankets in the conduct of a motel business. In these cases the title and possession of the tangible personal property were not transferred as an incident to the rendition of services but were retained and consumed by the one rendering the services. The tangible personal property involved in these cases was analogous to the dental equipment used by plaintiffs in rendering their services which is conceded taxable to them.

*Ogden Union Railway And Depot Company v. State Tax Commission*[15] emphasized a sales tax is imposed only upon those services which are specifically provided for in Section 59–15–4(e).[16] Thus we repeated the important requisites of the Sales Tax Act are the passage of title and delivery to the user and consumer.

Although the term "use" is defined in the Use Tax Act, 59–16–2(b) as the exercise of any right or power over tangible personal property incident to the ownership of this property, this definition must be construed within the context of the other relevant provisions of the Sales and Use Acts. We have ruled the Sales and Use Tax Acts are correlative and complementary, and the exemptions therein should be construed so as to effectuate the same purpose. Consequently, a purchase exempt under one act is exempt under the other.[17]

A review of the foregoing cases compels the conclusion that under the tax statutes of this jurisdiction a vendee of tangible personal property is the "user or consumer" of that property when (a) the property loses its identity and is incorporated into a structure thus transforming it from personalty to realty; (b) title and possession of the property is retained until it ceases to have any potential use for the purpose for which it was purchased. In other words, the "user or consumer" is the one who ultimately received title and possession of the personalty.

A regulation promulgated by the Tax Commission must conform to the legal in-

---

12. 12 Utah 2d 30, 361 P.2d 520 (1961).

13. 15 Utah 2d 97, 387 P.2d 998 (1964).

14. 15 Utah 2d 214, 390 P.2d 130 (1964).

15. Note 3, supra.

16. The tax is imposed on charges "for all services for repairs, renovations, cleaning, or wash-

ing of tangible personal property or for installation of tangible personal property rendered in connection with other tangible property."

17. *Union Portland Cement Co. v. State Tax Commission,* 110 Utah 152, 176 P.2d 879 (1947).

tent of the act, for any interpretation, which is out of harmony with and contrary to the express provisions of the act, is beyond the powers granted.[18] In *Merrill Bean Chevrolet, Inc. v. State Tax Commission,*[19] this court declared a nullity a regulation deeming a person the last or ultimate user, when the facts indicated that such a status was not in harmony with the intent of the legislature as expressed in the act.

Since the transactions involved in the instant case do not fall within the designated legislative definition of "retail sale," the Tax Commission exceeded its powers in levying the deficiency sales and use tax assessments on plaintiffs for their purchases of "supplies of gold, etc., and teeth-correcting devices, etc.," the title and possession of which was transferred to their patients.

LEARY, District Judge, concurs in the views expressed in Mr. Justice MAUGHAN'S dissenting opinion.

WILKINS, J., does not participate herein.

**18.** *Robert H. Hinckley, Inc. v. State Tax Commission,* 17 Utah 2d 70, 77, 404 P.2d 662 (1965).

