457 P.2d 973

**L. A. YOUNG SONS CONSTRUCTION COMPANY, Plaintiff,**

v.

**STATE TAX COMMISSION of Utah, Defendant.**

No. 11467.

Supreme Court of Utah.

Aug. 6, 1969.

George J. Romney of Cannon, Greene, Nebeker & Horsley, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

Certiorari to review a decision of the Tax Commission determining that the plaintiff was subject to a deficiency use tax assessment by reason of its purchasing certain equipment in the state of Wyoming.

During the year 1961 the Amis Construction Co., an Oklahoma corporation, was engaged in performing certain work in Atlantic City, Wyoming. In connection with the work it used a large amount of construction equipment. After the job had been completed Amis Construction Co. decided to sell some of the equipment rather than transport it to the state of Oklahoma. To facilitate the sale Amis engaged the services of Forke Brothers, an auctioneer-

ing firm of Lincoln, Nebraska. Forke Brothers conducted the auction on a commission basis but at no time did it take title to or assume possession of the equipment. The plaintiff purchased a number of items at the auction which resulted in the Tax Commission levying a use tax deficiency thereon.

Amis Construction Co. had always been engaged in the business of constructing highways, roads, bridges and like projects. It had never been engaged in the business of selling construction equipment nor in making retail sales.

It is the plaintiff's contention that the equipment above referred to was purchased by it at an isolated or occasional, and therefore not a retail, sale as defined by the statute. Section 59–15–2(e), Utah Code Annotated 1953, reads in part as follows:

* * * The term "retail sale" means every sale within the state of Utah by a retailer or wholesaler to a user or consumer, except such sales as are defined as wholesale sales or otherwise exempted by the terms of this act; but the term "retail sale" is not intended to include isolated nor occasional sales by persons not regularly engaged in business, nor seasonal sales of crops, seedling plants, garden or farm or other agricultural produce by the producer thereof, or the return to the producer thereof of processed ag-

ricultural products, provided, however, that no sale of a motor vehicle shall be deemed isolated or occasional for the purposes of this act.

A further definition of the term "isolated and occasional sales" is contained in the State Tax Commission's Regulation S38 which reads in part as follows:

S38. Isolated and occasional sales (Applies to sales and use taxes).—Isolated or occasional sales made by persons not regularly engaged in business are not subject to the tax. Under this rule no sale is taxable if it is not made in the regular course of a business of a person making retail sales as defined in Regulation No. S27. The word "business" as thus used refers to an enterprise engaged in making retail sales notwithstanding the fact that the sales may be few or infrequent.

■ Prior decisions of this court have construed exemptions contained in the Sales Tax Act as also applying to the Use Tax Act, the two acts being construed to be complementary. It is clear that the purchase of tangible personal property if exempt under the Sales Tax Act, is also exempt under the Use Tax Act, and the fact that the property was purchased outside the state of Utah would not affect its exemption.[1]

---

1. Union Portland Cement Co. v. State Tax Commission, 110 Utah 152, 176 P.2d 879; Barrett Investment Co. v. State Tax Commission, 15 Utah 2d 97, 387 P.2d 998.

**86**

We are of the opinion that the sale of the equipment here in question was an isolated or occasional sale and therefore clearly within the exemption of the statute above referred to. We see no valid distinction between the sale in this case and that involved in the case of Geneva Steel Company v. State Tax Commission.[2] The Tax Commission urges us to follow the decisions of the California Supreme Court[3] which have construed sales such as the one involved here as not being within the exemption of the isolated or occasional sales provision. However, it should be noted that the California statute is not similar to the Utah statute. The California statute provides that a series of sales sufficient in "number, scope and character" to constitute an activity requiring the holding of a seller's permit is not an occasional sale. The terms "sales sufficient in number, scope and character" are not a part of the Utah statute, and we do not believe that the court should construe the statute as including those terms.

The sale here in question is clearly within the exemption referred to above and the decision of the Tax Commission to the contrary is in error. The order of the Commission assessing the deficiency is reversed. No costs awarded.

2. 116 Utah 170, 209 P.2d 208.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, J., does not participate herein.

3. Pacific Pipeline Construction Co. v. State Board of Equalization, 49 Cal.2d 729, 321 P.2d 729.