**HUSKY OIL COMPANY OF DELAWARE, Plaintiff,**

v.

**STATE TAX COMMISSION of Utah, Defendant.**

**No. 14466.**

Supreme Court of Utah.

Nov. 18, 1976.

---

---

William A. Marshall, Douglas D. Wilkinson, of Ray, Quinney & Nebeker, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Michael L. Deamer, G. Blaine Davis, Stephen R. Randle, Asst. Attys. Gen., Salt Lake City, for defendant.

WILKINS, Justice:

The Respondent State Tax Commission of Utah (hereafter called Commission) assessed in 1975 a use tax deficiency for the calendar year 1971 in the sum of $30,375.-00, plus interest, against Petitioner Husky Oil Company of Delaware, a foreign corporation authorized to do business in Utah (hereafter called Husky) for the purchase by Husky in Canada from Gulf Oil Canada, Limited (hereafter called Gulf) of a used refinery reformer for the sum of

$675,000.00. This reformer is a device used for making gasoline and was delivered and placed into operation at Husky's Salt Lake County refinery in Utah.

The parties submitted this matter originally to the Commission on stipulated facts which the Commission considered in making its findings.

Gulf in the regular course of business in 1971 sold oil and gas at wholesale and retail prices in Canada and did not hold itself out as a seller of refinery reformers. Gulf's policy according to the Commission's findings at paragraph four:

. . . is to retain reformer units until economic obsolescence, except on the occasion of relocation where the reformer becomes surplus to Gulf's requirements, such as, the decision to consolidate refinery operations at Edmonton, Alberta, in the subject case.

The issue in this case is whether an exemption exists under the Utah Sales and Use Tax Acts, Chapters 15 and 16, respectively, Title 59, Utah Code Annotated 1953, where the seller makes an isolated or occasional sale of tangible personal property from his business but not of the type of said property *regularly* sold in the course of that seller's retail or wholesale business. We believe and hold that an exemption does exist.

This court decided in 1969:

. . . that the purchase of tangible personal property if exempt under the Sales Tax Act, is also exempt under the Use Tax Act, and the fact that the property was purchased outside the State of Utah would not affect its exemption.[1]

The parties agree that if any tax attaches, it is the use tax.

Section 59-15-2(e), Utah Code Annotated 1953, the critical statute in this case, defines a retail sale as:

. . . every sale within the State of Utah by a retailer or wholesaler to a

---

1. *L. A. Young Sons Construction Co. v. State Tax Commission,* 23 Utah 2d 84, 85,   457 P.2d 973, 974 (1969) (Hereafter called *Young*).

user or consumer, except sales defined as wholesale sales or otherwise exempted by the terms of this act; but the term "retail sale" is not intended to include isolated or occasional sales by persons not regularly engaged in business . . .
And of course if it were determined that a "retail sale" had been made, tax liability would attach.

The essence of the dispute between the Commission and Husky is what interpretation of the subject statute should obtain concerning "isolated or occasional sales by persons not regularly engaged in business".

The Commission contends that the plain meaning of this statute compels an interpretation that one not regularly engaged in business should not be taxed, and one who is so engaged should be taxed whether the item of tangible personal property sold is of the type regularly sold in the business or not. Husky contends that the exemption for an isolated or occasional sale should apply to retailers and wholesalers who sell tangible personal property which is not of the type regularly sold in their business.

From 1937 to 1971, the pertinent part of the Commission's Regulation S–38 (promulgated under and contemporaneously with the above statute in 1937) stated:

> . . . no sale is taxable if it is not made in the regular course of a business of a person making retail sales . . .

In 1971 the Commission deleted this language and added, inter alia, the following:

> S–38(d) No sale of tangible personal property made by a person licensed to collect sales tax is considered to be isolated or occasional even though the tangible personal property was used by the seller in his regular business prior to the sale.
>
> S–38(e) The sale of used fixtures, machinery and equipment items by nonli-

cense holders is not an exempt occasional sale where such sale is one of the series of sales sufficient in number, amount, and character to indicate the seller deals in the sale of such items.

The Commission in its brief on appeal acknowledges that the current S–38 regulation is more restrictive than the earlier one but contends that the presumption of correctness is not vitiated thereby as said current S–38 is not inconsistent with the plain meaning of the statute.

On two occasions this court has interpreted the statutory exemption relative to isolated sales not made in the regular course of business.[2] In *Geneva*, where the Reconstruction Finance Corporation, through the War Assets Administrator, sold a steel plant in Utah to the Geneva Steel Co., this court held that:

> . . . the legislature did not intend to tax the sale of personal property transferred as a component part of the sale of an integrated business.

and in *Young*, where said company purchased in Wyoming some equipment for use in Utah from another construction company which had never been engaged in selling construction equipment or making retail sales, this court held that said sale was isolated and ". . . clearly within the exemption of the statute . . ." These prior cases factually are different from this case as Gulf did not sell its entire business to Husky (but only a refinery reformer) and further Gulf was in a retail and wholesale business when it sold the used reformer to Husky. But we believe and hold that the result of exclusion from taxes should be the same in this case as in these two prior Utah cases. The holdings in *Geneva* and *Young* of course emanate from and are restricted to the facts of those cases. But the analyses by this court in *Geneva* and *Young* concerning isolated sales are helpful to

---

2. *Young*, supra; and *Geneva Steel Co. v. State Tax Commission*, 116 Utah 170, 209 P.2d 208 (1949) (Hereafter called *Geneva*).

our determination here,[3] and particularly so when a present analysis of our statute conduces to that determination. The words "isolated or occasional sales" would be excessive and useless unless they had reference to sales of tangible personal property by retailers or wholesalers who do not regularly sell *such* property in their business. If the legislature had intended to exclude from taxes only those sales of tangible personal property by persons not regularly engaged in retail or wholesale business, then it could,—and we submit would—have eliminated "isolated and occasional" from the statute. Also, the Commission's S–38 regulation which interpreted the statute in question for 34 years to allow for an exemption of a sale such as the one in this case adds strength to retention of that exemption. The Commission's conclusion in the brief on appeal "that administrative agencies . . . are free to depart from prior determination" is not persuasive in this case. Said brief cites an opinion from this court to buttress its conclusion,[4] which on its facts is not controlling here. Justice Ellett does cite in that opinion, 73 C.J.S. Public Administrative Bodies and Procedure § 148, in which it is stated that ". . . administrative bodies are not ordinarily bound by their prior determinations . . .". But said Section 148 continues as follows:

> However, prior determinations are entitled to great weight. . . . and radical departures from administrative interpretation consistently followed cannot be made except for most cogent reasons.

The Commission has made radical departures from an interpretation unchangingly followed by it for more than three decades. And, in addition to matters already discussed, the inclusion of language in the current S–38(e) regulation, supra, does not infuse congency into the reasons for those departures.

The Commission's order making the defiency assessment is reversed.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.

---

3. In *Geneva*, Justice Wolfe for the court said in reviewing Utah's regulations of the sales and use taxes of several states that those regulations " . . . definitely contemplate an isolated or occasional sale as one made by a person while not in the pursuit of the regular course of his business" ; and Justice Tuckett for the court in *Young* stated that "the sale . . . was an isolated or occasional sale and therefore clearly within the exemption of the *statute* . . . " (Emphasis added.)

4. *Reaveley v. Public Service Commission*, 20 Utah 2d 237, 436 P.2d 797 (1968).