**KNOWLEDGE DATA SYSTEMS,**
Petitioner,

v.

**UTAH STATE TAX COMMISSION,
AUDITING DIVISION,**
Respondent.

No. 930323–CA.

Court of Appeals of Utah.

Dec. 21, 1993.

R. Bruce Johnson and David J. Crapo, Salt Lake City, for petitioner.

Jan Graham, Gale K. Francis and Mark Wainwright, Salt Lake City, for respondent.

Before BENCH, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Knowledge Data Systems (Knowledge Data) appeals a decision by the Utah State Tax Commission (the Tax Commission) upholding the assessment of a tax on Knowledge Data's use of computer equipment received in trade. We reverse.

## BACKGROUND

Knowledge Data is a retailer of computer systems, conducting its business both inside and outside the state of Utah. Knowledge Data sold computer systems to the University of Minnesota Hospital and Clinic (the University) and I.C.I. America (ICI), accepting used computer equipment as partial payment for both sales. Both the University and ICI operate outside Utah and neither is in the

business of buying or selling computers. Knowledge Data used some of the equipment traded in by the University and ICI in its business operations and did not plan to resell it.[1] Knowledge Data claims the "isolated or occasional sales" exemption applies to its use of the "trade-ins." We agree.

## PROCEDURAL HISTORY

On March 29, 1991, the Auditing Division of the Tax Commission issued a statutory notice assessing a use tax of $15,396.99 against Knowledge Data. The notice alleged that the subsequent use of the computer equipment Knowledge Data received in its transactions with the University and ICI was subject to use tax. Knowledge Data filed for redetermination with the Tax Commission. After a hearing, the Tax Commission issued a Final Decision on the matter, affirming the initial assessment. Knowledge Data filed a Request for Reconsideration with the Tax Commission. On January 15, 1993, the Tax Commission issued a written order denying Knowledge Data's request. Knowledge Data then sought judicial review.

## JURISDICTION

Prior to addressing the merits of this case, we address the timeliness of Knowledge Data's petition. Pursuant to statute, "A party shall file a petition for judicial review of a final agency action within 30 days after the date that the order constituting the final agency action is issued *or* is considered to have been issued under Subsection 63–46b–13(3)(b)." Utah Code Ann. § 63–46b–14(3)(a) (1989) (emphasis added). Section 63–46b–13(3)(b) states: "If the agency head, or the person designated for that purpose does not issue an order within 20 days after the filing of the request, the request for reconsideration shall be considered to be denied." The Tax Commission argues that under this section, if no order on the request for reconsideration is issued within twenty

---

1. Knowledge Data held a small portion of the equipment received from ICI for resale. However, this equipment was not part of the audit deficiency and therefore, not at issue before this court.

days of its request, the request is deemed denied and the thirty-day appeal period begins to run at that point. Our recent decision, *49th Street Galleria v. Tax Comm'n*, 860 P.2d 996 (Utah App.1993), controls on this point. In *Galleria*, we pointed out that the disjunctive "or" in section 63–46b–14(3)(a) allows a party to file a petition for judicial review within thirty days after the order constituting the final agency action regardless of the "deemed denied" date established by section 63–46b–13(3)(b). *Id.* at 998. The Tax Commission issued its order on Knowledge Data's reconsideration request on January 15, 1993. Knowledge Data filed this appeal on February 12, 1993. Thus, Knowledge Data's filing was within thirty days of the order constituting final agency action. Accordingly, Knowledge Data's appeal was timely filed.

## STANDARD OF REVIEW

■ Our review of this case is governed by Utah Code Ann. § 59–1–610 (Supp.1993).[2] It directs this court to "grant the commission no deference concerning its conclusions of law, applying a correction of error standard, unless there is an explicit grant of discretion contained in a statute at issue before the appellate court." Because we find no explicit grant of discretion, we review the Tax Commission's decision without deference and for correctness.

## ANALYSIS

■ Utah imposes a tax on "retail sales of tangible personal property made within the state." Utah Code Ann. § 59–12–103(1)(a) (1992). However, "isolated or occasional sales by persons not regularly engaged in business" are exempt from this tax. *Id.* § 59–12–104(14). Utah also imposes a tax on "tangible personal property stored, used, or consumed in this state." *Id.* at § 59–12–103(1)(*l*). It is well-settled and that the

sales and use taxes complement each other and their exemptions should be construed to effectuate the same purpose. *Barrett Inv. Co. v. State Tax Comm'n*, 15 Utah 2d 97, 387 P.2d 998, 999 (1964). Accordingly, if a purchase of tangible personal property is exempt from sales tax, its subsequent use is also exempt. *Nucor Corp. v. State Tax Comm'n*, 832 P.2d 1294, 1297 (Utah 1992); *Barrett*, 387 P.2d at 999; *Union Portland Cement Co. v. State Tax Comm'n*, 110 Utah 152, 176 P.2d 879, 881 (1947).

■ Knowledge Data argues that the "isolated or occasional sales" exemption applies to the University's and ICI's trade-in of used computer equipment and thus, Knowledge Data's own use of the equipment is exempt from use tax. We agree. The "isolated or occasional sales" exemption applies when the seller makes a sale of property, "not of the type ... *regularly* sold in the course of that seller's retail or wholesale business." *Husky Oil Co. v. State Tax Comm'n*, 556 P.2d 1268, 1269 (Utah 1976). The Tax Commission argues that the used computer equipment was not sold, but traded. Based on this perceived distinction, the Tax Commission argues that the "isolated or occasional sales" exemption does not apply. We disagree. Section 59–12–102 defines "sale" as "any transfer of title, exchange, or barter, conditional or otherwise, in any manner, of tangible personal property or any other taxable item ... for a consideration." Utah Code Ann. § 59–12–102(10) (1992). The trade-ins of computer equipment were exchanges of tangible personal property, and were for consideration. The transactions were, accordingly, sales by the University and ICI that can be exempt from sales tax as "isolated or occasional sales," depending on the nature of their respective business activities.

■ Knowledge Data purchased computer equipment from the University and ICI. The parties stipulated that the University

2. Because this case was filed prior to the effective date of § 59–1–610, the Tax Commission argues that this Court should apply the standard of review in effect at the filing date. We have

recently decided this issue and find the Tax Commission's argument to be without merit. *See OSI Indus. Inc. v. State Tax Comm'n*, 860 P.2d 381, 383 (Utah App.1993).

and ICI were not in the business of selling new or used computer hardware. Thus, the sales of the computer equipment were isolated or occasional sales exempt from sales tax. Further, because sales tax exemptions apply to use tax, the use of the computer equipment should also have been exempt.[3]

The fact that Knowledge Data purchased the computer equipment outside the state does not alter our analysis. In *L.A. Young Sons Constr. Co. v. State Tax Comm'n*, 23 Utah 2d 84, 457 P.2d 973 (1969), a Utah construction company purchased certain construction equipment in Wyoming from an Oklahoma corporation that was not in the business of selling the purchased equipment. The Utah Supreme Court held that the sale was exempt from sales tax as an isolated or occasional sale. *Id.* 457 P.2d at 974. It also held that "the purchase of tangible personal property if exempt under the Sales Tax Act, is also exempt under the Use Tax Act, and the fact that the property was purchased outside the state of Utah would not affect its exemption." *Id.*

■ The Tax Commission appears to argue further that the subsequent use of an item taken as a trade-in can be taxed regardless of whether the trade-in transaction itself was exempt. The Tax Commission relies on Utah R.Admin.P. R865–19–72S (1992), which states:

> A. An even exchange of tangible personal property for tangible personal property is exempt from tax. When a person takes tangible personal property as part payment on a sale of tangible personal property, sales or use tax applies only to any consideration valued in money which changes hands.
>
> B. For example, if a car is sold for $8,500 and a credit of $6,500 is allowed for a used car taken in trade, the sales or use tax

applies to the difference, or $2,000 in this example. Subsequently, when the used car is sold, tax applies to the selling price less any trade-in at that time.

We need not decide the validity of this rule because it is inapplicable on its face. Rule R865–19–72S applies to the resale of an item traded in as part of a purchase price, not its subsequent use absent a resale, as occurred in the case before us.

■ Finally, the Tax Commission argues that "finding the Petitioner's subsequent use [to be] a taxable transaction is consistent with the general rule that sales tax is levied upon the ultimate consumer." It is true that "statutory exemptions [go] hand in hand with the sales and use tax statutes, with the purpose of placing the tax burden upon the ultimate consumers of products," *Nucor*, 832 P.2d at 1297, but the ultimate consumer doctrine was not meant to be used to circumvent sales tax exemptions. A use tax is levied on the ultimate consumer who has avoided paying sales tax that in retrospect, should have been assessed. *Ralph Child Constr. Co. v. State Tax Comm'n*, 12 Utah 2d 53, 362 P.2d 422, 426 (1961) ("[t]he purpose of the use tax is to impose a tax in the same amount as the sales tax would have imposed were it applicable"). But where one of the express exemptions in section 59–12–104 applies, sales tax is inapplicable, and there is no policy reason for assessing use tax.

The Tax Commission bases its argument in part on the idea that an item's use is a separate and distinct transaction from its sale. However, for tax assessment purposes, an item's purchase and its subsequent use are inexorably linked. Use tax cannot be assessed in ignorance of the circumstances surrounding the sale. To assess use tax when a sales tax exemption applies serves no

---

**3.** The Tax Commission also notes that Knowledge Data, the buyer in this transaction, is in the business of selling computer equipment. The statutory language exempting occasional or iso- lated sales is clear. The exemption is dependent only upon the business activity of the seller, not the buyer.

purpose and would provide a means, not to complement the sales tax, but to circumvent and eviscerate sales tax exemptions.[4]

## CONCLUSION

The Tax Commission's failure to apply the isolated sales exemption to Knowledge Data's purchase and subsequent use of the comput-

er equipment was in error. Therefore, we reverse.

BENCH and ORME, JJ., concur.

---

4. We have reviewed Knowledge Data's section 1983 argument regarding attorney fees and find it to be without merit.