HERITAGE CONVALESCENT CENTER,
Cedar Care Center, Woodland Park Care
Center, Fay Case Nursing Home, Bennion Care Center, Canyon Hills Care Center, Richfield Care Center, Eastridge
Care Center, Willow Wood Care Center,
Olympus Care Center, Porter's Nursing
Home, North Side Care Center, Linden
Care Center, East Side Care Center,
Midtown Manor, Bountiful Care Center,
Bungalow Care Center, West Valley
Care Center, Hidden Hollow Care Center, Provo Care Center, London Springs
Care Center, Rosewood Terrace Care
Center, Rivendell of Utah, Ogden Care
Center North, Alta Care Center, Hillcrest Care Center, Life Care Center, and
Washington Terrace, Petitioners,

v.

UTAH STATE TAX COMMISSION,
Respondent.

MOUNTAIN VIEW HOSPITAL, HCA St.
Mark's Hospital, Davis Hospital and
Medical Center, Pioneer Valley Hospital, Lakeview Hospital, Ashley Valley
Hospital, Castle View Hospital, and
Brigham City Community Hospital, Petitioners,

v.

UTAH STATE TAX COMMISSION,
Respondent.

Nos. 960328, 960329.

Supreme Court of Utah.

Oct. 24, 1997.

David J. Crapo, Pamela B. Hunsaker, Salt Lake City, for the hospitals and nursing care facilities.

Jan Graham, Atty. Gen., Clark L. Snelson, Asst. Atty. Gen., Salt Lake City, for the Commission.

HOWE, Justice:

In these two cases, which we have consolidated for the purposes of this review, petitioners, which are hospitals and nursing care facilities, seek review of a decision of the Utah State Tax Commission that unitemized meals which those institutions provided to their inpatients do not qualify for the sales tax exemption granted by Utah Code Ann. § 59–12–104(13)(b) (1996). Therefore, the Commission held that petitioners were not entitled to a refund of the sales tax they had paid on their bulk purchase of the food used to prepare the inpatient meals.

## BACKGROUND

The Sales and Use Tax Act provides in relevant part:

The following sales and uses are exempt from the taxes imposed by this chapter:

. . .;

(13) sales of meals served by:

(a) churches, charitable institutions, and institutions of higher education, if the meals are not available to the general public; and

(b) inpatient meals provided at medical or nursing facilities;

. . .;

(27) property purchased for resale in this state, in the regular course of business, either in its original form or as an ingredient or component part of a manufactured or compounded product[.]

Utah Code Ann. § 59–12–104 (1996).

Petitioners filed a request with the Commission for a refund of sales tax that they had paid on the bulk purchase of food used to prepare inpatient meals. The Public Service Division of the Commission denied the refunds, and petitioners sought a redetermination by the Commission. The Commission, relying upon one of its rules, denied any refund to petitioners on the ground that in providing meals to their patients, they do not make a "separate charge [or] a specific billing amount" for the meals. Therefore, the Commission concluded that no "sale" of meals was made by petitioners and that consequently petitioners were the ultimate consumers of the bulk food and as such were liable for payment of the sales tax. Petitioners now seek review by this court of the Commission's decision.

## FACTS

The parties have stipulated to the relevant facts, including the following: (1) At least three meals a day are provided to each patient as part of the patient's room and board

agreement; (2) these meals are not itemized or billed separately; (3) petitioners purchase food in bulk, and the dietary staffs prepare and provide the inpatient meals; (4) the food suppliers have generally imposed sales tax on the bulk purchases of food; (5) there is no discount from the daily rate if a patient eats less than normal or misses or skips a meal; (6) there is no discount or extra charge for special diets; (7) the menu options patients are given do not affect the daily rate charged; and (8) petitioners have not charged sales tax on patient meals but have, or agree that they should have, charged sales tax on any meals served to nonpatients.

In support of its decision, the Commission argues that the sales tax is a transactional tax; it is imposed on the transaction, not on the item of service. It asserts that in this case, the transaction upon which the sales tax has been imposed, voluntarily paid, and remitted is petitioners' purchase of food, that petitioners are the consumers of food used by them in providing care and services, and that petitioners' requests for a refund were properly denied because petitioners do not sell meals to their patients. The Commission points out that no separate charge is made for the meals and that the price charged for patient care is not affected by the number of meals consumed, the type of meals, the quality of food, or the cost of special diets. The Commission concludes that because there is no sale of meals by petitioners to their patients, the exemption relied on by petitioners simply does not apply. The Commission concedes, however, that if the meals were individually itemized and individually charged, the sales tax exemption would apply.

The Commission relies on Tax Commission rule 865–19S–61, "Meals Furnished Pursuant to Utah Code Ann. Section 59–12–104," which provides in relevant part:

A. The tax is imposed upon the amount paid for meals furnished by any restaurant, cafeteria, eating house, hotel, drug store, diner, private club, boarding house, or other place, regardless of whether meals are regularly served to the public.

    1. By specific exemption, the following meal sales are exempt from taxation:

      . . .;

    b. inpatient meals provided at medical or nursing facilities. Tax must be paid on the purchase price of food by nonexempt medical or nursing facilities.

    2. Ingredients which become a component part of meals subject to tax are construed to be purchased for resale.

B. Where no separate charge or specific amount is paid for meals furnished but is included in the membership dues or board and room charges; the club, boarding house, fraternity, sorority, or other place is considered to be the consumer of the items used in preparing such meals.

Utah Admin. Code R865–19S–61 (1996).

In determining whether petitioners sell meals to their patients, we look to Utah Code Ann. § 59–12–102(19), which defines "sale" as "*any* transfer of title, exchange or barter, conditional or otherwise, *in any manner*, of tangible personal property or any other taxable item or service . . . for a consideration." (Emphasis added.) It includes "any transaction under which right to possession, operation, or use of any article of tangible personal property is granted under a lease *or contract* and the transfer of possession would be taxable if an outright sale were made." § 59–12–102(19)(e) (emphasis added).

Both the language of section 59–12–103, which lists the many transactions to which sales tax applies, and our case law indicate that the definition of "sale" is deliberately broad to maximize the reach of the sales tax. There is no restriction on the form or manner of the transaction. Early in the history of the sales and use tax in this state, we decided *Western Leather & Finding Co. v. State Tax Commission*, 87 Utah 227, 48 P.2d 526 (1935), in which we held that the delivery of repaired shoes to their owner and the receipt of payment constituted a "sale" of materials used in the repair of shoes, even though a custom existed among shoe repairers not to make a separate charge for services rendered (which averaged seventy percent of the total charge) and for materials furnished in doing the repair (which averaged thirty percent of the total charge). We there wrote:

When a shoe repairer delivers the repaired shoes to the owner thereof and receives payment therefor, the title to the materials used in the repair job passes to the owner. The amount paid includes the price of the materials used. Such a transaction possesses all of the elements of a sale of the materials used in the repair job.

*Id.,* 48 P.2d at 528.

■ It is thus clear that the omission by the seller and the buyer to make a separate charge for property transferred pursuant to a contract does not defeat the existence of a sale. In *Matrix v. Auditing Division of the State Tax Commission,* 868 P.2d 832 (Utah Ct.App.1994), the Tax Commission concluded that a sale and leaseback transaction was taxable pursuant to section 59–12–103(1)(k) (1992). The court of appeals agreed, noting, "Section 59–12–102(10)[1] plainly and unambiguously defines a sale as 'any transfer of title.'" *Id.* at 833. There the court correctly relied on the plain wording of the statute to rule in favor of the Tax Commission. However, in *Knowledge Data Systems v. State Tax Commission, Auditing Division,* 865 P.2d 1387 (Utah Ct.App.1993), as in the instant case, the Commission attempted to deny a sales tax exemption by excluding the relevant transaction from the definition of sale. The court of appeals disagreed, consistently adhering to the broad statutory definition and holding that the "trade-ins of computer equipment were exchanges of tangible personal property, and were for consideration" and therefore were sales qualifying for the sales and use tax exemption for "isolated and occasional sales." *Id.* at 1389.

■ We find nothing in the statutes or in our case law requiring a separate itemization or a separate price affixed for a transaction to qualify as a "sale." In the instant case, the Commission does not contend that the inpatients do not actually receive the meals or that meals are provided free of charge. It is apparent that the meals are provided as part of the contract for care entered into between petitioners and their patients. Thus, in furnishing meals to the patients, there is a transfer of tangible personal property for consideration, and a sale has occurred, although the consideration is paid as part of the general billing for care. If a separate itemization and a separate price were required for each item of property transferred from one party to another in a contract, it would be easy to disguise a sale and avoid the payment of sales tax by subtle means. Consequently, we conclude that the inpatient meals are exempt from sales tax under section 59–12–104(13)(b), and petitioners' bulk purchase of food is exempt under section 59–12–104(27) (1996) because it is purchased for resale within the state.

The decision of the Commission is reversed.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur in Justice HOWE's opinion.

1. Subsequently renumbered as Utah Code Ann. § 59–12–102(19).