2005 UT 38

## HARLEY DAVIDSON OF NORTHERN UTAH, Petitioner,

v.

## WORKFORCE APPEALS BOARD OF the UTAH DEPARTMENT OF WORKFORCE SERVICES, and Brandi L. Mason, Respondents.

No. 20040384.

Supreme Court of Utah.

June 21, 2005.

**350**

Denver C. Snuffer, Daniel B. Garriott, Sandy, for petitioner.

Tiffany Vincent, Suzan Pixton, Salt Lake City, for Department of Workforce Services.

NEHRING, Justice:

¶ 1 Harley Davidson challenges the court of appeals's dismissal of its petition for review of a decision rendered by the Workforce Appeals Board. The petition for review contained several flaws and was not filed with the appropriate filing fee. The court of appeals dismissed the petition for review, citing a lack of jurisdiction, since a corrected petition filed three days later and accompanied by a fee was untimely. Harley Davidson asks us to review (1) whether the court of appeals was correct in dismissing its petition, and (2) whether the "notice of appeal" was effective as a petition for review, despite its flaws. We reverse and remand to the court of appeals, holding that because the errors in the document and late payment of the filing fee are nonjurisdictional, the dismissal for lack of jurisdiction was improper.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Brandi Mason filed a claim for unemployment insurance benefits after Harley Davidson terminated her employment. An administrative law judge found that Harley Davidson failed to meet its burden of proof establishing that it had just cause to terminate Ms. Mason. Harley Davidson appealed that decision to the Workforce Appeals Board of the Department of Workforce Services. The Board upheld the decision of the administrative law judge. Harley Davidson then attempted to appeal the Board's decision to the court of appeals, pursuant to Utah Code section 35A–4–508, which provides for judicial review of decisions of the Workforce Appeals Board. Utah Code Ann. § 35A–4–508(8) (2001). In the course of advancing its cause to the court of appeals, things went awry.

¶ 3 Utah Code section 35A–4–508(8) grants parties thirty days to seek review of a decision of the Workforce Appeals Board. On Friday, February 6, 2004, the last of its allotted thirty days, Harley Davidson filed a pleading with the court of appeals, intending to initiate judicial review. A paralegal employed by Harley Davidson's counsel delivered the pleading to the court of appeals and asked the court clerk whether a filing fee was required. The clerk incorrectly replied that no fee was required for the pleading Harley Davidson presented. Relying on the clerk's advice, Harley Davidson filed its pleading without the filing fee. In fact, a filing fee was required. Moreover, our rules require payment at the time of filing, and the clerk should not have accepted the petition without the fee. Utah R.App. P. 14(b).

¶ 4 This event did not end the mishaps. In addition to the absent filing fee, the content of Harley Davidson's pleading did not comply with the procedural guidelines provided in rule 14 of the Utah Rules of Appellate Procedure in the following ways: [1] (1) it was styled

---

1. Rule 14 of the Utah Rules of Appellate Procedure explains how to access judicial review of an administrative order. The relevant portions of that rule state:

   (a) Petition for review of order; joint petition. When judicial review by the Supreme Court or

the Court of Appeals is provided by statute of an order or decision of an administrative agency, board, commission, committee, or officer . . ., a petition for review shall be filed with the clerk of the appellate court within the time prescribed by statute, or if there is no time

"notice of appeal," not "petition for review," the title suggested by rule 14(a); (2) it incorrectly indicated that the "appeal" was directed to the Third District Court of Salt Lake County, Sandy Department, instead of the Utah Court of Appeals; and (3) Harley Davidson did not serve its petition on the Workforce Appeals Board, as required by rule 14(c). Despite these flaws, the document was accepted and stamped as "filed" by the clerk.

¶ 5 On Monday, February 9, three days after the expiration of the thirty-day period, the clerk contacted Harley Davidson to notify it that her statement that no filing fee was required was mistaken and that in fact a fee was required. Harley Davidson paid the fee that day, and filed a corrected pleading entitled "petition for review."

¶ 6 The court of appeals dismissed Harley Davidson's petition for review, stating that it lacked jurisdiction because the petition was not timely. *Harley Davidson v. Workforce Appeals Bd.*, 2004 UT App 117, 2004 WL 796378U. In a footnote, the court of appeals also turned away Harley Davidson's February 6 "notice of appeal," finding it "ineffective as a petition for review." *Id.* at n. 1. We granted certiorari to review this decision.

▇▇▇ ¶ 7 This court has jurisdiction over judgments of the court of appeals pursuant to Utah Code section 78–2–2(3)(a) (2002). On certiorari, we review the decision of the court of appeals for correctness. *State v. Garner*, 2005 UT 6, ¶ 7, 106 P.3d 729.

## ANALYSIS

¶ 8 The petition for review that Harley Davidson filed February 9 was too late. If we were called upon merely to determine whether the court of appeals correctly counted the days available to Harley Davidson to file its petition, we could affirm the court without ado. The filing events of February 9

do not, however, end matters. Instead, the central question presented in this case is whether Harley Davidson's "notice of appeal," filed February 6 without a filing fee, was, despite its flaws, sufficient to invoke the jurisdiction of the court of appeals. We conclude that it was.

## I. THE TARDY PAYMENT OF FILING FEES DID NOT CREATE A JURISDICTIONAL BAR

▇▇▇ ¶ 9 Rule 3 of the Utah Rules of Appellate Procedure governs appeals from the decisions of a trial or juvenile court. In order to bring a measure of finality to the orders entered in trial courts and administrative agencies, we have authorized appellate courts to assert jurisdiction over appeals only when the notice of appeal is timely filed. Utah R.App. P. 3(a); *Gorostieta v. Parkinson*, 2000 UT 99, ¶ 19, 17 P.3d 1110; *Leonczynski v. Bd. of Review*, 713 P.2d 706, 707 (Utah 1985). Rule 3(a) states that filing defects other than timeliness may warrant dismissal but are not deemed jurisdictional:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal or other sanctions short of dismissal, as well as the award of attorney fees.

Utah R.App. P. 3(a); *see also Cedar Surgery Ctr., L.L.C. v. Bonelli*, 2004 UT 58, ¶ 10, 96 P.3d 911.

¶ 10 We have invoked rule 3(a) to support a holding that the untimely payment of filing fees is not a jurisdictional requirement when appealing the decision of a trial or juvenile court. *Gorostieta*, 2000 UT 99 at ¶ 20, 17 P.3d 1110. We reached this conclusion despite language in rule 3(f) suggesting a contrary result: "The clerk of the trial court

prescribed, then within 30 days after the date of the written decision or order. . . .
(b) Filing fees. At the time of filing any petition for review, the party obtaining the review shall pay to the clerk of the appellate court the filing fee established by law. The clerk shall not accept a petition for review unless the filing fee is paid.

(c) Service of petition. A copy of the petition for review shall be served by the petitioner on the named respondent(s), upon all other parties to the proceeding before the agency, and upon the Attorney General of Utah, if the state is a party, in the manner prescribed by Rule 3(e).
Utah R.App. P. 14.

shall not accept a notice of appeal unless the filing fee is paid." Utah R.App. P. 3(f).

¶ 11 Rule 14 of the Utah Rules of Appellate Procedure is the counterpart to rule 3, providing procedural guidance to parties seeking judicial review of administrative agency actions such as those of the Workforce Appeals Board. Rule 14 governed Harley Davidson's appeal. Like rule 3(f), rule 14(b) mandates that "[t]he clerk shall not accept a petition for review unless the filing fee is paid." Utah R.App. P. 14(b). Unlike rule 3(a), however, rule 14 does not expressly deem defects other than untimeliness to be nonjurisdictional.

¶ 12 At one time, the court of appeals gave substance to this textual difference. It interpreted rule 14 to mean that errors unrelated to timeliness of a petition for review of an administrative agency decision, such as the failure to pay the filing fee, were jurisdictional, as opposed to errors unrelated to timeliness that might be found in a rule 3 appeal. *Hausknect v. Indus. Comm'n,* 882 P.2d 683, 685 (Utah Ct.App.1994). However, following our decision in *Gorostieta,* the court of appeals changed its position, stating that "[t]here is no reason to treat agency petitions differently than other appeals. Therefore, this court, consistent with *Gorostieta,* determines that the timely payment of filing fees is not jurisdictional." *Shearer v. Labor Comm'n,* 2001 UT App 349U, 2001 WL 1476577.

¶ 13 The Workforce Appeals Board urges us to tightly leash *Gorostieta* to its factual setting: fee filings involving transmittals by fax. *See* 2000 UT 99 at ¶ 18, 17 P.3d 1110. We decline to adopt a narrow application of these cases because we, like the court of appeals, can find no principled reason to treat agency petitions differently than other appeals.

¶ 14 Instead, we agree with the court of appeals's revised view of rule 14. We conclude that despite its silence on what rule 3(a) makes explicit, rule 14 should be interpreted to harmonize with rule 3(a) concerning the consequences attending procedural defects other than the timely filing of a notice or petition. This does not undermine rule 3's admonition that other errors may

result in sanctions or even dismissal, nor does it diminish the importance of compliance with the rules of appellate procedure. We hold that regardless of whether a party seeks to invoke the jurisdiction of an appellate court under rule 3 or rule 14, the only jurisdictional requirement is the timely filing of the pleading initiating appellate review.

## II.  THE CONTENT AND SERVICE DEFECTS OF HARLEY DAVIDSON'S PETITION WERE NOT JURISDICTIONAL

█  ¶ 15 In holding that it had no jurisdiction, the court of appeals considered only Harley Davidson's February 9 filing, styled "petition for review." The court of appeals summarily disposed of the February 6 filing, the "notice of appeal," stating that it was "ineffective" without explaining why. *Harley Davidson,* 2004 UT App 117 at n. 1.

¶ 16 It is not clear to us that the February 6 notice of appeal deserved this treatment. The pleading Harley Davidson filed on February 6, though crippled with defects, was timely. None of its infirmities—the improper title, the lack of a filing fee, the failure to serve on the opposing party, nor the improper court designation—were jurisdictionally fatal. Yet, because the court of appeals dismissed Harley Davidson's appeal on jurisdictional grounds, we are left to conclude that when the court characterized Harley Davidson's February 6 "notice of appeal" as "ineffective," it meant that the pleading failed to access the court's jurisdiction. However titled, the pleading filed by Harley Davidson conveyed an unmistakable intent to seek review of an order or decision entered by a lower court or administrative agency and was therefore within the ambit of either rule 3 or rule 14 of the appellate rules. Because the pleading was timely filed, whatever "ineffectiveness" its defects may have caused could not have been jurisdictional. Accordingly, we conclude that the court of appeals erred in determining that it lacked jurisdiction over Harley Davidson's petition for review.

## CONCLUSION

¶ 17 We hold that regardless of whether a party seeks appellate review pursuant to rule

3 or rule 14 of the Utah Rules of Appellate Procedure, the timely filing of the notice of appeal or petition for review is the only jurisdictional requirement. For this reason, we conclude that the court of appeals erred in determining that it lacked jurisdiction over Harley Davidson's petition for review. We are also persuaded that, just as rule 3 and rule 14 share a jurisdictional bar, the sanctions set out for failure to comply with rule 3(a) are available to the court of appeals as part of its authority to effectively supervise the prosecution of administrative reviews presented under rule 14.

¶ 18 We remand this matter to the court of appeals for action consistent with this opinion.

¶ 19 Chief Justice Durham, Associate Chief Justice Wilkins, Justice Durrant, and Justice Parrish concur in Justice Nehring's opinion.