2007 UT App 280

**Lorin BLAUER, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES and Career Service Review Board, Respondents.**

No. 20060702–CA.

Court of Appeals of Utah.

Aug. 16, 2007.

Vincent C. Rampton, Salt Lake City, for Petitioner.

Mark L. Shurtleff, Attorney General, J. Clifford Petersen, Assistant Attorney General, and Robert W. Thompson, Salt Lake City, for Respondents.

Before BENCH, P.J., GREENWOOD, Associate Presiding Judge, and ORME, J.

BENCH, Presiding Judge:

¶ 1 Petitioner Lorin Blauer appeals the Career Service Review Board's (CSRB) order affirming the Division of Workforce Service's (DWS) decision to terminate Blauer for his failure to return to work within one year of taking leave. Blauer's first contention, that his request for reconsideration of the CSRB's final order was timely, fails because the request was filed two days late. Blauer's second contention, that this court has jurisdiction to review the merits of the CSRB's final order, also fails because an untimely request for reconsideration does not toll the time period for filing a petition for judicial

review. We affirm the CSRB's denial of Blauer's request for reconsideration and dismiss his petition for review of the agency's final order due to lack of jurisdiction.

## BACKGROUND

¶ 2 In November 2004, the DWS terminated Blauer's employment for failure to return to work within a year of taking leave, and Blauer subsequently appealed. Following an evidentiary hearing, a hearing officer affirmed the DWS decision. Blauer appealed the hearing officer's decision to the CSRB. The CSRB issued its final decision affirming the termination and denying Blauer's appeal on June 28, 2006.

¶ 3 Twenty-two days after the CSRB issued its final decision, Blauer submitted a request for reconsideration pursuant to Utah Code section 63–46b–13(1). *See* Utah Code Ann. § 63–46b–13(1) (2004). The CSRB denied Blauer's request on the ground that it was untimely, specifically finding that it was submitted two days late. On August 1, 2006, five days after the denial of his request for reconsideration and thirty-four days after the CSRB's order affirming the DWS's termination decision, Blauer filed a petition for judicial review with this court.

## ISSUE AND STANDARD OF REVIEW

¶ 4 " 'When reviewing [an agency]'s interpretation of general questions of law, this [c]ourt applies a correction-of-error standard, granting no deference to [agency] decisions.' " *Associated Gen. Contractors v. Board of Oil, Gas & Mining*, 2001 UT 112, ¶ 18, 38 P.3d 291 (first and third alterations in original) (quoting *Williams v. Public Serv. Comm'n*, 754 P.2d 41, 50 (Utah 1988)). "[G]eneral questions of law include … rulings concerning an agency's jurisdiction or authority … and interpretations of statutes unrelated to the agency." *Id.* (quotations and citation omitted).

## ANALYSIS

### I. Timeliness of Blauer's Request for Reconsideration

¶ 5 Blauer contends that his request for reconsideration of the CSRB's final order was timely filed. The Utah Administrative Procedures Act (UAPA) provides a mechanism for petitioners to request reconsideration of an agency's final decision. *See* Utah Code Ann. § 63–46b–13(1)(a) (2004) (providing that once a final decision or order is entered, "any party may file a written request for reconsideration with the agency, stating the specific grounds upon which relief is requested"). Although filing a request for reconsideration "is [generally] not a prerequisite for seeking judicial review of the [final] order," *id.* § 63–46b–13(1)(b), a party electing to file such a request must do so "[w]ithin 20 days after the date that an order is issued," *id.* § 63–46b–13(1)(a).

¶ 6 On June 28, 2006, the CSRB entered a final order affirming the DWS decision to terminate Blauer. Blauer did not file his request for reconsideration until July 20, 2006, twenty-two days after the final order. Blauer does not dispute this timeline of events. As Blauer's filing was two days past the twenty-day deadline, we conclude that the CSRB correctly denied Blauer's request for reconsideration on the ground that it was untimely.

### II. Tolling of Time to File Petition for Review

¶ 7 Blauer argues that even if he filed an untimely request for reconsideration, this court nonetheless has jurisdiction to consider the propriety of the CSRB's affirmation of his termination because Blauer filed his petition for review within thirty days after receiving the denial of his request for reconsideration. "[T]he timely filing of petitions for review, like that of notices of appeal from judicial orders, is jurisdictional," and failure to timely file results in dismissal. *Leonczynski v. Board of Review*, 713 P.2d 706, 706–07 (Utah 1985). Neither rule 14 of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 14, nor the UAPA, *see* Utah Code Ann. §§ 63–46b–0.5 to –23 (2004 & Supp. 2006), expressly addresses the issue of whether an untimely request to reconsider tolls the time period for filing a petition for judicial review. In light of the following analysis, we conclude that it does not.

¶8 The UAPA and the Utah Rules of Appellate Procedure set forth the time frame in which a party may petition for judicial review of an agency decision. On its part, the UAPA requires a party to "file a petition for judicial review of [a] final agency action within 30 days after the date that the order constituting the final agency action is issued or is considered to have been issued." Utah Code Ann. § 63–46b–14(3)(a) (2004).[1] Rule 14 of the Utah Rules of Appellate Procedure also requires that "a petition for review [of an administrative agency decision] . . . be filed with the clerk of the appellate court within the time prescribed by statute, or if there is no time prescribed, then within 30 days after the date of the written decision or order." Utah R.App. P. 14(a).

■ ¶9 A party may extend the time for filing a petition for judicial review by timely filing a request for reconsideration. A request for reconsideration, pursuant to Utah Code section 63–46b–13(1), tolls the time for filing a petition until the date the agency renders a written order denying the request, or until the date the request is considered denied, because the request "extend[s] the date on which the agency decision bec[omes] 'final.'" *Harper Invs., Inc. v. Tax Comm'n*, 868 P.2d 813, 815 (Utah 1994). However, as stated above, this request for reconsideration must be filed "within 20 days after the date that [the agency's final] order is issued." Utah Code Ann. § 63–46b–13(1)(a).

¶10 Although separate rules of appellate procedure govern appeals from trial court judgments and petitions for review from administrative agency decisions, these rules have been viewed by the Utah Supreme Court as "counterpart[s]" and have been in-terpreted "to harmonize" with one another. *Harley Davidson of N. Utah v. Workforce Appeals Bd.*, 2005 UT 38, ¶¶ 11, 14, 116 P.3d 349; *see also* Utah R.App. P. 18 ("All provisions of these rules are applicable to review of decisions or orders of agencies, except that [r]ules 3 through 8 are not applicable."). Just as a request for reconsideration can toll the time to petition an appellate court for review of an administrative agency decision, certain motions enumerated in rule 4(b) of the Utah Rules of Appellate Procedure can toll the time for filing a notice of appeal from a trial court judgment. *See* Utah R.App. P. 4(b)(1) (noting that the time for appeal is extended by the specific motions enumerated in the rule). However, rule 4(b) specifically states that a party must "timely file[ ]" one of these enumerated motions in order to extend the time for a party to file a notice of appeal. *Id.* Subsequent case law has further emphasized that "[a]n *untimely* motion . . . has no effect on the running of the time for filing a notice of appeal." *Burgers v. Maiben*, 652 P.2d 1320, 1321 (Utah 1982) (per curiam) (emphasis added).

■ ¶11 We see no reason why this principle, applicable to certain enumerated postjudgment motions and the filing of notices of appeal from trial court judgments, should not extend to analogous requests for reconsideration and petitions for judicial review of agency decisions. We therefore hold that an untimely request for reconsideration, like an untimely motion enumerated in rule 4(b), does not toll the time for filing a petition for judicial review of an administrative agency's final order. This holding is in keeping with the Utah Supreme Court's prior statement that it "ha[s] authorized appellate courts to assert jurisdiction over appeals only when

---

1. Pursuant to the Utah Administrative Procedures Act (UAPA), an agency may deny a request for reconsideration by either affirmatively denying the request in a written order or by allowing twenty days to pass without issuing any order. *See* Utah Code Ann. § 63–46b–13(3)(a)–(b) (2004). If the agency issues no order, the request is simply considered, or "deemed," denied. *49th St. Galleria v. Tax Comm'n*, 860 P.2d 996, 998 (Utah Ct.App.1993) ("Pursuant [to the UAPA], a request for administrative reconsideration is 'deemed denied' if an order is not issued by the agency within twenty days after the filing of the request."). However, if the agency issues a written order denying the request for reconsideration *after* the deemed denied date, the thirty-day time period to petition for judicial review runs from the date of the written order. *See Knowledge Data Sys. v. Tax Comm'n*, 865 P.2d 1387, 1388–89 (Utah Ct.App.1993) (noting that "the disjunctive 'or' in section 63–46b–14(3)(a) allows a party to file a petition for judicial review within thirty days after the order constituting the final agency action regardless of the 'deemed denied' date established by section 63–46b–13(3)(b)" (citing *49th St. Galleria*, 860 P.2d at 998)).

the notice of appeal is timely filed" in order "to bring a measure of finality to the orders entered in trial courts *and administrative agencies." Harley Davidson,* 2005 UT 38 at ¶ 9, 116 P.3d 349 (emphasis added). To adopt Blauer's approach would undermine the policy of finality by allowing parties to receive a final agency decision, wait indefinitely to file a request for reconsideration, and then receive judicial review on the merits of their case by filing a petition within thirty days of either the written order denying their untimely request or the date their untimely request is considered denied.

¶ 12 In order to timely petition for judicial review, Blauer was required to file his petition within thirty days of the CSRB's final order issued June 28, 2006. Instead, he untimely filed his petition for judicial review thirty-four days after the final order and under circumstances where the time for filing had not been effectively tolled. We therefore lack jurisdiction to consider the agency's final order and must dismiss the petition. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.").

## CONCLUSION

¶ 13 The CSRB correctly concluded that Blauer had filed his request for reconsideration after the time period proscribed for such requests had expired. Being two days late, Blauer's request for reconsideration did not toll the time for filing a petition for judicial review and Blauer's petition for judicial review was therefore untimely. As this court lacks jurisdiction over untimely petitions, we cannot consider the merits of Blauer's petition for review of the CSRB's final order. We therefore affirm the CSRB's denial of Blauer's request for reconsideration and dismiss his petition for review of the agency's final order.

¶ 14 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and GREGORY K. ORME, Judge.